### SALMINEN v. ROSS.

(Circuit Court, D. Massachusetts. April 4, 1911.)

No. 742.

1. HIGHWAYS (§ 176*)—COLLISION—NEGLIGENCE.

Plaintiff's uncontradicted evidence that, while driving in a farm wagon on the right-hand side of a wide road, she was overtaken by an automobile, which struck the hind wheel of her wagon, established actionable negligence.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 465; Dec. Dig. § 176.*]

2. EVIDENCE (§§ 222, 265*)—ADMISSIONS AGAINST INTEREST—ADMISSION OF LIABILITY.

In an action for injuries to plaintiff in a collision with an automobile alleged to belong to defendant, an attorney testified that after the accident he called on defendant and asked him if he could tell about the accident, and that defendant in reply stated that he was liable for the accident, that it was his automobile, that he was not trying to dodge responsibility, and that the machine was comparatively a new one, and his son and a man named C. took it out to run it and find out some defect that was in the machine. Held, that defendant's statement was not conclusive on the question of the source of his knowledge, and since neither the court nor the jury was bound to infer that the admission was based purely on hearsay, rather than on defendant's own knowledge, the admission was competent on the question of defendant's responsibility, and sufficient to support a verdict in that respect.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 768–800, 803–808, 1029–1050; Dec. Dig. §§ 222, 265.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. EVIDENCE (§ 314\*)—HEARSAY—STATEMENTS TO PHYSICIAN THROUGH INTER-
PRETER.

   Where, in an action for injuries, plaintiff's condition and the history
of the case were proved as matters of fact by her testimony, evidence of
a physician who examined plaintiff through a companion who acted as
an interpreter for the physician, in so far as subjective symptoms and
the history of the case was concerned, was admissible as showing the
basis for the physician's diagnosis, though not to prove plaintiff's condi-
tion as a fact.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1172; Dec. Dig.
§ 314.\*]

At Law. Action by Susanna Salminen against James Ross. Ver-
dict for plaintiff, and defendant moves for a new trial. Denied.

William A. Pew, Jr., for plaintiff.

Baker & Baker and Thibodeau & Ellsworth, for defendant.

BROWN, District Judge. The evidence was sufficient to show
that the plaintiff received injuries through being thrown out of a farm
wagon, which she was driving, by the negligence of persons who were
operating an automobile belonging to the defendant. The defendant
was not in the automobile.

The principal testimony relating to the defendant's responsibility
for the accident was his own admission to an attorney at law. The
attorney states that, after the accident he called upon the defendant
and asked him if he could tell about the accident to plaintiff. The
witness testified concerning the statement by the defendant as follows:

   "He said: 'I am liable for the accident. It was my automobile, and I am
not trying to dodge the responsibility.' He said that his automobile was a
new or comparatively new one, and his son and a man named Connor took it
out to run it and find out some defect that was in the automobile."

The jury were instructed that they might also consider the defend-
ant's further statement that Mr. Connor was instructing the son of
the defendant.

Objection was made by defendant's counsel to receiving in evidence
the admission against interest made by plaintiff, on the ground that
admissions against interest based on hearsay evidence are incompetent.

So far as the statement of Mr. Ross bore upon the question of neg-
ligent management of the machine it was of no practical consequence.
[1] The plaintiff's testimony, uncontradicted, that while driving on
the right-hand side of a wide road she was overtaken by an automo-
bile, which struck the hind wheel of her wagon, established a clear
case of negligence. [2] The only substantial question was as to the
sufficiency of proof to show that the machine was on the defendant's
business, so as to make him responsible.

The jury were duly cautioned that the defendant's admission of
liability should be received with great caution, since such a statement
might be based upon an erroneous view of the law. It was left with
the jury to determine whether the statement of the defendant that he
was liable, together with the statement that his son and a man named
Connor took it out to run it and find out some defect that was in the
automobile, and that Mr. Connor was instructing the son, satisfied

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

them that the plaintiff had proved that the machine was on the defendant's business.

It is not necessary to determine whether, as a matter of law, an admission which is based solely upon knowledge acquired from others is admissible. The statement of the defendant is not conclusive upon the question of the source of his knowledge. It may have been based upon his own knowledge, or upon instructions given by him that the machine should be run for the discovery of the defect, or that it should be used for the purpose of teaching his son how to operate it. Although in court, the defendant was not placed upon the stand, and did not deny that he had made admissions in the language given by the witness. Under these circumstances, neither the court nor the jury was bound to draw the inference that the admission was based purely upon hearsay, rather than upon the defendant's own knowledge.

The admission of liability, together with the reasons given therefor, was, I think, competent testimony upon the question of defendant's responsibility, and sufficient to support the verdict in this respect.

[3] Another objection was made to the testimony of a physician who examined the plaintiff through a companion who acted as an interpreter for the physician. This was objected to as mere hearsay. So far as the testimony of the doctor included subjective symptoms and a history of the case communicated to him through an interpreter, it must be observed that this was merely testimony given by the doctor as the reason for his conclusion. The testimony was not admitted to prove the truth of the statement, but only to form the basis for an expert opinion. The plaintiff proved, otherwise than through the doctor, both the history of the case and her subjective symptoms. The value of the doctor's testimony depended upon the conformity of the basis of his opinion with the facts proved in the case, otherwise than by the statement made to him through an interpreter. There is here no violation of the rule against hearsay. Whether the statements were derived directly from the patient or indirectly through an interpreter, they were insufficient to show the plaintiff's condition as a matter of fact, and were not admitted for that purpose. The plaintiff's condition and the history of the case were proved as matter of fact by her testimony given on the stand.

Petition for new trial denied.