## Shaver, By &c. v. Smith, et al.

(Decided January 29, 1918).

### Appeal from Shelby Circuit Court.

Highways—Automobiles—Collision With Vehicle—Injury to Occupant—Negligence—Question of Law.—Where an automobile approaching from the rear comes in contact with a wagon which the driver of the machine sees, and his only excuse for the accident is that the wagon was in the way and he miscalculated the distance, he is guilty of negligence as a matter of law, and in an action by an occupant of the wagon for damages due to the collision, where no question of contributory negligence is presented, the trial court should so direct the jury and leave to its determination, only the question of damages under a proper instruction.

BARRICKMAN & KALTENBACHER for appellants.

W. T. BECKHAM for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Dempsey Shaver, suing by his father as next friend, Lloyd Shaver, brought this action against Stewart Smith and Clarence Smith, to recover damages for personal injuries. From a verdict and judgment in favor of defendants, plaintiff appeals.

It is insisted for plaintiff that the trial court should have held that defendants were negligent as a matter of law, and have submitted to the jury only the question of damages.

According to the evidence of plaintiff, he was 14 years of age when the accident occurred under the following circumstances: He had been to Shelbyville and was walking home over the state pike. He was overtaken by Mr. Jeff Money, who was driving a spring wagon. Mr. Money invited him to ride and he sat down beside Mr. Money on the front seat. After riding about half a mile, an automobile belonging to Clarence Smith and driven by Stewart Smith and used by them in conducting their

partnership business, approached the wagon from the rear. Upon the sounding of the horn, plaintiff told Mr. Money that there was a machine behind them. At that time the wagon was nearer the right side of the pike than the left. The pike was 25 or 30 feet wide and there was plenty of room for the automobile to pass. When the automobile reached the wagon, the fender struck the wagon in the rear and plaintiff was thrown to the ground and injured. His injuries consisted of a cut which had to be sewed up, and several bruises and abrasions. At the time of the accident the machine was going at the rate of 10 or 12 miles an hour.

According to the evidence of Stewart Smith, the driver of the machine, he saw the wagon some distance away and sounded his horn. He was then going 7 or 8 miles an hour and was on the left side of the road. The wagon was nearer the left side of the road than the right. As they approached the second culvert, he knew that he could not pass Mr. Money on the culvert. He then slowed down and followed Mr. Money over the culvert. In describing how the accident occurred, he said, "Just after he went over the culvert, I aimed to pass him, aimed to go around him. Of course I was watching where I was driving and didn't make quite allowance enough. I saw I was going to hit the wagon and I stopped the machine as quick as possible." At that time he was moving very slowly and had the machine under perfect control. He further stated that he struck the wagon because the wagon was in the way, and he couldn't stop the machine before it struck the wagon. Roy Smith, a brother of the defendants, testified that the road at the place of the accident was 25 or 30 feet wide and that two or three automobiles could have passed in that distance. Messrs. Fullenwider and Ware, testified that they went to the place of the accident shortly after the accident occurred and the tracks indicated that the brakes had been applied and that the left wheels had slipped off the metal for a distance of four feet. When the machine began to skid, they could not say.

The record discloses that the defendants not only denied the allegations of the petition but pleaded contributory negligence on the part of the driver of the wagon as agent of the plaintiff who was an infant and guest of the driver. It further appears that a demurrer was sustained to this plea, and the plea dismissed.

Here then we have a case from which the question of contributory negligence has been eliminated. The automobile was approaching the wagon from the rear. It does not appear that the wagon suddenly pulled in front of the automobile. The driver had the machine under perfect control. It was broad daylight and the position of the wagon was known to the driver of the machine. Under these circumstances the machine collided with the wagon and the only excuse that the driver of the machine offered is that the wagon was in the way and he miscalculated the distance between his machine and the wagon. Even if the wagon was on the wrong side of the road and in the way, this did not give to the driver of the machine the right to run against the wagon. Under the circumstances he should have stopped his car and requested the driver of the wagon to turn out, rather than keep on driving and come in collision with him. Alice Savoy v. James McLeod, 111 Me. 234. On the other hand if he ran into the wagon merely because he miscalculated the distance, there can be no question that the collision was due to his fault. Since the driver was under the duty to use ordinary care to avoid coming into contact with the wagon, and since the uncontradicted evidence shows that he failed to use such care, we conclude that the trial court should have directed the jury to find for plaintiff, and have left to the jury only the question of damages under a proper instruction.

Judgment reversed and cause remanded for a new trial consistent with this opinion.