STONES, APPELLANT, *v.* CHICAGO, MILWAUKEE & ST. PAUL RY. CO., RESPONDENT.

(No. 4,303.)

(Submitted March 9, 1921. Decided March 21, 1921.)

[197 Pac. 252.]

*Personal Injuries—Master and Servant—Railroads—Negligence —Injuries—Causal Connection—Insufficiency of Evidence— Nonsuit.*

Personal Injuries—Master and Servant—Causal Connection Between Negligence and Injury must be Shown.
  1.  To make out a case in a personal injury action against an employer, the causal connection between the negligence alleged and the injury suffered must affirmatively appear from the complaint and plaintiff's evidence, *i. e.*, that defendant was negligent, that plaintiff was injured, and that the negligence charged was the proximate cause of the injury, since defendant may be held liable only when to his lapse of duty is directly attributable the injury to plaintiff.

Same—Causal Connection Between Injury and Negligence—Evidence—Insufficiency—Nonsuit Proper.
  2.  Where a railway section-hand seeking to recover damages for a double rupture sustained while assisting in lifting a hand-car from one track to another failed to show by his evidence what caused the car to get beyond control of his co-workers—the thing which was the proximate cause of the injury—nonsuit was properly granted.

---

1. Necessity of proving actual cause of injury in action by servant for personal injuries, see note in **5 Ann. Cas.** 167.

Same—When Nonexistence of Causal Connection Between Injury and Negligence Predicable.
3.   The nonexistence of legal connection between the negligence charged and the injury is predicable whenever, for aught that appears, the accident might have happened even if negligence had been absent.

*Appeal from District Court, Fergus County; H. L. De Kalb, Judge.*

ACTION by Henry Stones against the Chicago, Milwaukee & St. Paul Railway Company. From a judgment of nonsuit, plaintiff appeals. Affirmed.

*Mr. E. K. Cheadle* and *Mr. Rufus Hopkins*, for Appellant, submitted a brief; *Mr. Cheadle* argued the cause orally.

*Messrs. Marshall & Dousman*, for Respondent, submitted a brief; *Mr. Charles J. Marshall* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover damages for personal injuries received by plaintiff while in the course of his employment. The trial court granted a motion for a nonsuit and rendered judgment dismissing the complaint. From that judgment this appeal is prosecuted.

It is difficult, if not impossible, to understand the theory of the pleader in drafting the complaint. It is alleged that plaintiff was employed by the railway company as a section-hand under the direction and control of a foreman; that on the day of the accident the foreman, in violation of a rule of the company which required that the tools be removed from a hand-car before the car was lifted to or from the track, negligently ordered plaintiff and his five co-workers to place a hand-car, loaded with tools, upon the main track for the purpose of moving from one place of work to another; that the car with the tools upon it was too great a load for the number of men assigned to move it; that in attempting to execute

3. Legal theory of causal connection, see note in 36 **Am. St. Rep.** 807.

the order, some of the men, other than plaintiff, negligently stumbled and fell, pushing the loaded car on and against plaintiff, causing the injuries of which he complains. It is further alleged that the tools being left upon the car increased the weight thereof by about fifty per cent and rendered an accident more likely to occur; "that the company by its said foreman was guilty of carelessness, negligence and a lack of prudence in ordering the said hand-car to be moved from one track to another without removing the tools therefrom; and that in consequence of the said carelessness, negligence and lack of prudence of defendant the said accident occurred to this plaintiff."

Upon the trial, in answer to an inquiry, and over the objection of defendant, plaintiff explained the occurrence as follows: "Well, in carrying the car across it was too heavy, and when one of the fellows stumbled then everyone fell. Well, by my being on the low side after I stepped up on the spur, the brake struck me here and knocked me down." Then followed a description of the injury which consisted of a double rupture of the walls of the abdomen.

It is elementary that in order to make out a case of this [1] character it must be made to appear from the complaint and the evidence, (1) that the defendant was negligent; (2) that plaintiff was injured, and (3) that the negligence charged was a proximate cause of the injury. In other words, the causal connection between the negligence alleged and the injury suffered must appear affirmatively. (*Glover* v. *Chicago, M. & St. P. Ry. Co.*, 54 Mont. 446, 171 Pac. 278; *Allen* v. *Bear Creek Coal Co.*, 43 Mont. 269, 115 Pac. 673.) The question always is: Was the negligence *causa sine qua non*—a cause which had it not existed, the injury would not have occurred (*Hayes* v. *Michigan C. R. Co.*, 111 U. S. 228, 28 L. Ed. 410, 4 Sup. Ct. Rep. 369 [see, also, Rose's U. S. Notes]), for the master may be held liable only when to his lapse of duty is directly attributable the injury to the servant, as any given effect is to be assigned to its efficient cause. (*Monson* v. *La*

*France Copper Co.,* 39 Mont. 50, 133 Am. St. Rep. 549, 101 Pac. 243.)

It is perfectly apparent that whatever caused the hand-car to get beyond the control of the men attempting to move it was the proximate cause of plaintiff's injury. .

If it was the intention of plaintiff to rely upon the negli-

**[2]** gence of the foreman in ordering the men to move the car with the added load of the tools, the complaint fails to state a cause of action, for it is nowhere alleged that it was the overload which caused the injury. This is not one of the so-called "strain" cases to which class *Sorenson* v. *Northern Pac. Ry. Co.,* 53 Mont. 268, 163 Pac. 500, belongs. It is not claimed that plaintiff was injured by lifting an excessively heavy load. It is alleged that while attempting to lift the car upon the track "certain of the men, other than this plaintiff, included in said section gang carelessly and negligently stumbled and fell," with the result that the car got beyond control and injured plaintiff; but there is not even a suggestion in the evidence that the men who stumbled were guilty of negligence, and the mere fact that they stumbled does not raise any presumption of negligence.

It is alleged, also, that the excessive weight rendered an accident more likely to occur, but nowhere is it alleged, either directly or inferentially, that it was the excessive weight of the loaded car which caused the men to stumble or the car to get beyond control. In other words, so far as the allegations of the complaint are concerned, the same accident would have happened with the same serious result if the car had not been loaded.

The rule is well settled that the nonexistence of legal con-

**[3]** nection between the negligence and the injury is predicable whenever, for aught that appears, the accident might have happened even if the negligence had not occurred. (4 Labatt on Master and Servant, sec. 1570.)

The plaintiff failed to introduce evidence proving or tending to prove that the negligence charged was a proximate

cause of his injury, and the court properly granted a nonsuit. In principle, the case is ruled by the decision in *Markinovich v. Northern Pac. Ry. Co.*, 55 Mont. 139, 174 Pac. 183.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and GALEN concur.

Rehearing denied April 21, 1921.