[Civ. No. 2451. Third Appellate District.—July 3, 1922.]

JOHN DONAGHUE, Respondent, v. GEORGE W. HAYDEN et al., Appellants.

[1] NEGLIGENCE — ATTEMPT TO PASS VEHICLE — APPROACH OF THIRD VEHICLE—LIABILITY FOR INJURY.—The attempt of the driver of a motor vehicle to pass another vehicle on a highway when a third vehicle is approaching constitutes gross negligence and the driver is liable for any damage occasioned by a collision resulting from such attempt.

APPEAL from a judgment of the Superior Court of Napa County. Percy S. King, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. L. Webber for Appellants.

Clarence N. Riggins for Respondent.

PREWETT, J., *pro tem.*—Action for damages growing out of the collision of two automobiles and a motorcycle. It appears that the respondent was traveling in his car from Napa City toward Carneros, when appellant Hayden, in another car, overtook him and attempted to pass on the left. At that moment a motorcycle coming down the road met them head-on and collided with appellants' car. Appellant Hayden, in an effort to avoid the motorcycle, pulled over too far toward the right and engaged the left wheel of respondent's auto, overturning it and throwing it from the highway. The impact injured the respondent and his car. The jury found in favor of the respondent and assessed his damages at the sum of $850. The judgment runs against both appellants. They appeal on the ground that the evidence is insufficient to sustain the verdict. However, it cannot be questioned that there is enough evidence in the record to sustain the verdict, and this fact, under a well-established rule, precludes this court from disturbing the conclusion of the jury. [1] Even the testimony of appellant Hayden shows that he was attempting to pass the respondent at a moment when another vehicle was approaching. This was a clear violation

of the law. It constituted gross negligence and it rendered the driver liable. Conceding that there is any testimony from which the jury might have found that the respondent contributed to the accident, the jury had a right to reject it, and they evidently did so.

The appellants insist that Mrs. Hayden is not liable: She was the owner of a fruit farm and was running it in her own name. She owned the automobile, the stock, and all other ranch property used with the farm. Both Mr. and Mrs. Hayden testify that he went to town that day to procure tobacco for himself and feed for the pigeons. They testify that the pigeons belong to the boy and that he keeps them on the farm. It is shown that appellant Hayden attends to marketing the pigeons and that they yield about $75 per month. Appellant Hayden receives no wages from his wife. He merely lives at the farm as his home and works for her. Early in the history of the case, and evidently before he had appreciated the import of his admissions, he testified, in giving a deposition, that he went to town to procure family groceries. On the trial, however, he testified that he did not go on any business for Mrs. Hayden. But from all the circumstances, including the care of the pigeons, the jury easily drew the inference that the car was being driven in Mrs. Hayden's interests.

If he was making his home on the farm and worked thereon and received no wages, it is no harsh inference to say that it was her concern that he received a proper supply of tobacco. The verdict against her must be upheld.

None of the instructions to which appellants object present any points open to serious debate. The same is true as to the evidence of values. The respondent subscribed a voluntary return to the county assessor showing that the car owned by him was worth only $50. The appellants believe that the court should have instructed the jury that this voluntary return conclusively established, as against the respondent, a value of but $50. It was voluntarily made and it constituted an admission against interest. As such, the court received it in evidence. Also, it was evidence by way of impeachment and was doubtless so treated by the jury. But at most, it was not conclusive, and the court correctly instructed the jury thereon.

There are no other points in the case that demand notice.

The respondent moves the court to assess damages for a frivolous appeal.   While it is possible that the appeal presents no serious questions, we are not prepared to say that it is frivolous.   It was evidently prosecuted in the utmost good faith.

The judgment is affirmed.

Finch, P. J., and Burnett, J., concurred.