**Charles L. Finch, Appellee, v. Charles Carlton, Appellant.**

**Gen. No. 32,449.**

16

 Opin-
ion filed May 14, 1928.

WILLIAM FRIEDMAN, for appellant; JAMES M. GIL-
LESPIE, of counsel.

ARNE B. HUMMELAND, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opin-
ion of the court.

Plaintiff Finch sued defendant for damages sus-
tained, as alleged, through the negligence of defendant
in driving his automobile, as a result of which it col-
lided with a motor vehicle driven by the plaintiff. The
affidavit of merits denied that defendant was negli-
gent and that plaintiff was in the exercise of care.
There was a trial by the court, a finding for plaintiff
and judgment thereon for $296.05.

The accident in question occurred on May 30, 1927,
at about 6 o'clock p. m., on Maple street, a public high-
way in Chicago extending east and west, and between
LaSalle and Clark streets, public highways extending
north and south and intersecting Maple street.

The proof tends to show that plaintiff at that time
was driving a Studebaker automobile on the south side
of Maple street about six feet from the south curb, in
an easterly direction; that at the same time a Ford
touring car was being driven in a westerly direction
upon the north side of Maple street, and that behind
this Ford touring car the defendant was driving a
Moon touring car in the same direction; that when the
Ford touring car approached the alley extending north

and south and intersecting Maple street at this point, the driver made a quick turn to the south or left and then to the right or north, for the purpose of entering the alley. Under these circumstances the defendant made a turn into the street to avoid hitting the car ahead of him, and in so doing he collided with plaintiff's car with the result that the left wheels of the autos interlocked, the front bumper and the wheels of plaintiff's car were broken, the axle bent, the fenders turned up, the tires cut, the front lamp broken, the front system put all out of line as well as the frame, and the steering wheel out.

The evidence as to the speed at which the respective automobiles were being driven is conflicting, the evidence for plaintiff tending to show that the Ford touring car and defendant's car were going at from 25 to 30 miles an hour, while the evidence for defendant tends to show that defendant was traveling at a speed of 9 or 10 miles an hour. In this respect the finding of the court has the same weight upon review as the verdict of a jury. The finding of the court is controlling on the question of contributory negligence, unless we can hold that the finding is manifestly against the evidence, which we cannot do on the record.

Defendant further contends, however, that the direct and proximate cause of the collision was the undisputed fact that the Ford car made a turn first to the left and then suddenly to the right in the manner described, and it is therefore urged that the negligence of the driver of this Ford car was the direct and proximate cause of the injury to plaintiff's automobile rather than any negligence of the defendant, citing *Jackson v. Burns,* 203 Ill. App. 196; *Gilbert v. Goralnik,* 238 Ill. App. 199, to this point. In those cases, however, there was no evidence tending to show that the defendant was negligent in any respect, but there was evidence tending to show that the injury to the

plaintiff resulted solely from the negligence of a third party.

We think the court could properly find that the third party, namely, the driver of the Ford, was negligent because of the manner in which he suddenly made a turn into an alley and also because of the speed at which he was driving, but there was also evidence from which the court could properly find that defendant was guilty of negligence, first, in the excessive speed at which he was driving, and, second, in his failing to keep a proper distance behind the Ford which he was trailing. It has been so held in well-considered cases. *Stubbs v. Edwards,* 260 Pa. 75; *Blashfield Cyc. of Automobile Law,* vol. 1, 455; *Gornstein v. Priver,* 64 Cal. App. 249.

For the purpose of showing the amount of damages sustained the court admitted evidence of the amount paid by plaintiff for repairs to his automobile, which repairs, there was proof tending to show, were made necessary by the accident. The defendant contends that the receipted bill was not competent evidence of the amount of the damages, citing *Probasco v. Crane Co.,* 238 Ill. App. 287. As will appear from an examination of *Cloyes v. Plaatje,* 231 Ill. App. 183; *Sunbeam Beverage Co. v. Cunningham,* 242 Ill. App. 401; *Roth v. Fleck,* 242 Ill. App. 396, and other cases, there has been some apparent conflict in the decisions of this court upon this question. This division of the court has held that in the absence of evidence tending to discredit the transaction, such proof is prima facie sufficient, and this view has recently been approved by the Supreme Court in *Byalos v. Matheson,* 328 Ill. 269, 272.

As there is no reversible error in the record, the judgment is affirmed.

*Affirmed.*

O'CONNOR and McSURELY, JJ., concur.