McDONOUGH, Respondent, v. SMITH, Appellant.

(No. 6,551.)

(Submitted January 22, 1930. Decided February 5, 1930.)

[284 Pac. 542.]

546

*Messrs. Derry & Bowen,* for Appellant, submitted a brief; *Mr. Paul B. Bowen* argued the cause orally.

*Mr. H. C. Crippen,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff was awarded a verdict for $754.90, damages to his automobile alleged to have been caused by defendant's negligence. From the judgment entered on the verdict, defendant appealed.

The complaint sets forth that on July 15, 1928, plaintiff was driving his automobile northward on a public highway between Fromberg and Rockvale, and that defendant was also driving an automobile on the same road and in the same direction; that defendant negligently and carelessly drove his car against that of plaintiff in attempting to pass the plaintiff, and thereby caused the plaintiff's car to leave the road and run into a fence, resulting in the damage complained of. It is alleged that, just as defendant attempted to pass plaintiff's automobile, another automobile was approaching from the north, and was about to pass plaintiff's car, and that there was not sufficient space between plaintiff's car and that approaching from the north to enable the defendant, in the exercise of ordinary care, to pass between, and that defendant ought to have slackened the speed of his car and not attempted to pass until the car coming from the north had passed.

Defendant by his answer alleges that plaintiff's automobile struck the fence without the fault of defendant and because of the careless and negligent driving of the plaintiff, and that the damage to plaintiff's car was caused, in whole or in part, by the carelessness and negligence of plaintiff. The answer further sets forth that plaintiff's car slackened its speed as defendant's car was approaching from behind, and that defendant found it necessary to either attempt to pass plaintiff's

car or to strike it in the rear. By reply, plaintiff denied the affirmative allegations of the answer.

Briefly summarized, the evidence introduced by plaintiff shows that he was driving his coupe automobile on the highway at the time under the circumstances alleged in the complaint, and that Albert Dewing and Margaret Treichler were riding with him. For a quarter of a mile before reaching the point where defendant attempted to pass them, the roadbed consisted of loose gravel, and in about the central portion of the highway were two ruts in which the wheels of the cars traveled. Before coming to this graveled strip of road, they had passed defendant's car. When plaintiff reached the graveled stretch of road, defendant sounded the horn of his automobile, and thus indicated his desire to pass plaintiff. Plaintiff, being unable to turn out by reason of the loose gravel, accelerated the speed of his car, and, as soon as he had passed the gravel, he turned to the right to enable defendant to pass. Plaintiff drove his car parallel with and within about a foot and a half of a fence extending along the right side of the highway, and was going about forty miles per hour. Defendant, instead of turning his car behind plaintiff's car in order to let the car coming from the north pass, drove past plaintiff, and turned suddenly in front of plaintiff's car, and struck the left front fender of plaintiff's car with his right rear fender, forcing plaintiff's car into the fence and causing the damage complained of. When plaintiff's car hit the fence, it knocked down seven posts situated ten feet apart, and when it came to a stop it was facing south and stood in the middle of the road. Defendant continued on without stopping. Plaintiff at all times had his hands on the wheel, and had the car under such control that he could guide it if nobody hit it.

The foregoing facts were testified to by plaintiff, and substantially the same evidence was given by the other two persons riding in his car at the time, and there was corroboration of the material facts by David A. Brown, who was driving the car approaching from the north, and by Henry Lohoff, who was also driving another car approaching from the north, and which

was about sixty yards from the point of the collision when it occurred.

H. H. Emmett testified that, in a conversation had between plaintiff and defendant in the presence of the witness, the day after the accident, defendant said: "I made up my mind to pass you if I had to wreck my car to do it." There was also evidence showing the extent of damages to the car as alleged in the complaint.

Defendant, testifying in his own behalf regarding what happened as he attempted to pass plaintiff's car, said: "It seemed to me like he [plaintiff] was going to stop entirely and swing to his right, right towards those posts and a car was coming across the bridge, that is crossing Rock Creek, by the time he swung this way, and I swung to get by him, why, this other came to my left pretty near even up with us; * * * not to my knowledge did my car touch his car. My attention was on the other car to come right curve around to dodge the other car, the way he was coming close, all three of us together. Under the conditions that I observed there, I don't think my car could have struck his car with sufficient force to have knocked it off the road."

George O. Griffen, who was in defendant's car at the time in question, testified: "As he [plaintiff] got to the brow of the hill, he seemed to slow down. Well we could not tell whether he was stepping on the brake or took his foot off the gas, but there was just a short distance between the two cars, and he pulls over to his side of the road. Well we started around and—well, from what I could see, it looked like he had lost control of his car and had skidded—well, whether it skidded or not, why as we went by his front end was just a little—why I should say skitter cornered of the road; pointed just a little to the middle of the road, and there must have been where we took his fender, if we did. I did not notice any shock to our car. * * * I did not notice and did not know at that time that we had touched his fender. * * * We had to increase our speed at the time Mr. Smith went around the McDonough car.

That was because it was either run into him or run into the approaching car.''

Defendant contends that the court erred in giving to the jury the following instruction: "In this case if you find from the evidence that the injury to the plaintiff's car would not have occurred if defendant had not struck the plaintiff's car with his car, if you find that he did so strike him, then your verdict should be for the plaintiff"; and in refusing to give the following offered instruction: "You are instructed that before the plaintiff can recover in this action it is necessary for him to show by a preponderance of the evidence that the negligence of the defendant, if any, was the proximate cause of the injury. The proximate cause of an injury is that which, in a natural and continuous sequence, unbroken by any new, independent cause, produces the injury without which the injury would not have occurred.''

The two assignments are discussed together in the briefs of counsel, and will be so treated by us, since they involve the same legal question.

In England:

> " 'Tis a law of the road,
> Though a paradox quite,
> If you keep to the left,
> You'll always be right."

In this state, traffic must at all times keep to the right, and, where two vehicles are moving in the same direction, the one passing must turn to the left, and the one being passed must turn to the right. (Sec. 1743, Rev. Codes 1921.)

The person passing is negligent if he so carelessly directs or manages his automobile that a collision results, or if he attempts to pass at a time or under conditions which are not reasonably safe. (*Rose* v. *Cartier*, 45 R. I. 150, 120 Atl. 581.) As said in *Donaghue* v. *Hayden*, 58 Cal. App. 457, 208 Pac. 1007: "Even the testimony of appellant Hayden shows that he was attempting to pass the respondent at a moment when another vehicle was approaching. This was a clear violation of the law. It constituted gross negligence, and it rendered the driver liable.''

Ordinarily, the driver of a car overtaking and passing another must keep to the left, and not turn to the right until entirely clear of the other car, and, in overtaking another car, he is in duty bound to look out for the car ahead. (*Moreno* v. *Los Angeles Transfer Co.*, 44 Cal. App. 551, 186 Pac. 800; *Government Street Lumber Co.* v. *Ollinger*, 18 Ala. App. 518, 94 South. 177; *Smith* v. *Clark*, 125 Okl. 18, 256 Pac. 36.) And, where the uncontradicted testimony shows that plaintiff was driving on the right-hand side of the road and was overtaken by defendant's car and struck, it makes out a case of negligence. (*Salminen* v. *Ross*, (C. C.) 185 Fed. 997.) It is also negligence on the part of one to drive at a rapid rate of speed so close to a car ahead that, if the driver of the latter slows down, it becomes necessary for him to turn to the left to avoid striking it, and particularly when in doing so he must turn in front of a vehicle coming from the opposite direction. (*Power* v. *Crown Stage Co.*, 82 Cal. App. 660, 256 Pac. 457; *Hardee* v. *Nevers*, 10 La. App. 537, 120 South. 227; *Finch* v. *Carlton*, 249 Ill. App. 15; *Shaver* v. *Smith*, 179 Ky. 26, L. R. A. 1918C, 803, 200 S. W. 8.)

In order for plaintiff to recover, it was incumbent upon him to allege and prove: (1) That defendant was negligent; (2) that plaintiff was injured and damaged; and (3) that defendant's negligence was the proximate cause of the injury or damage. (*Stones* v. *Chicago, M. & St. P. Ry. Co.*, 59 Mont. 342, 197 Pac. 252.) Tested by the applicable rules above, plaintiff's evidence made out a cause of action entitling him to a recovery.

Defendant contends, however, that his evidence tended to show that the damage to plaintiff's car was caused by plaintiff's own negligence. True, the answer of the defendant contained such a charge, but there is an entire absence of any evidence to support such allegation. Under the record presented here, the jury would not have been warranted in finding for the defendant on any theory, except that his car did not strike that of plaintiff. There was no evidence from which the jury could have determined that the damage to plaintiff's car resulted from any other cause than that it was struck by the

defendant. If they could have found that the cars did not collide, then the reason why plaintiff's car struck the fence resulting in the damage complained of would have rested in conjecture and speculation.

The evidence is undisputed that plaintiff was on the right side of the road and in the exercise of proper care. Griffen did not assert positively that plaintiff's car skidded, but simply stated that it looked that way, and he immediately qualified his statement by saying that, "whether it skidded or not," the front of the car "pointed just a little to the middle of the road." If it did skid, there is no evidence tending to show that its skidding had anything to do with the resulting damage. There was not even a direct denial in the testimony that defendant's car hit that of plaintiff, but, if the testimony of defendant and of Griffen may be so construed, then the only issue presented for determination of the jury was whether the cars collided.

Instructions are improper when they find no support in the evidence. (24 Cal. Jur. 830; *Yoder* v. *Reynolds*, 28 Mont. 183, 72 Pac. 417.) The court did not err in giving the instruction complained of or in excluding the offered instruction.

Complaint is also made that the court erred in permitting [7] plaintiff to recover, as a part of the damages sustained by him, the sum of $12.50 for taxi fare from Billings to Fromberg. It appears that the trip was made to ascertain who it was that had run into and damaged his car. Defendant's contention in this respect must be sustained. This was not a proper item of damages. In accordance with the rule announced in the case of *Callan* v. *Hample*, 73 Mont. 321, 236 Pac. 550, the cause is remanded to the district court of Yellowstone county, with direction to modify the judgment by deducting therefrom the sum of $12.50, and, as thus modified, the judgment is affirmed, with costs taxed against appellant.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.

Rehearing denied February 20, 1930.