No. 12526

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

DEAN A. RUDE,

Plaintiff and Respondent,

-vs-

JAMES NEAL and WILBERT KERR,
d/b/a KERR TRUCKING SALES,

Defendants and Appellants.

---

Appeal from: District Court of the Fourth Judicial District,
Honorable Jack L. Green, Judge presiding.

Counsel of Record:

For Appellants:

Gough, Booth, Shanahan and Johnson, Helena, Montana
Murphy, Robinson, Heckathorn and Phillips, Kalispell,
Montana
I. James Heckathorn, argued, Kalispell, Montana
Goldman, McChesney and Datsopolous, Missoula,
Montana
Ronald B. MacDonald argued, Missoula, Montana

For Respondent:

Harris, Jackson and Utick, Helena, Montana
Andrew J. Utick argued, Helena, Montana
Worden, Thane, Haines and Williams, Missoula,
Montana
Sheldon C. Williams argued, Missoula, Montana

---

Submitted: November 12, 1974

Decided: DEC 30 1974

Filed: DEC 30 1974

Thomas J. Kearney
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal from a judgment entered in the district court, Lake County, in an automobile accident damage suit. Plaintiff Dean A. Rude was the driver of a Chevrolet involved in a collision with a Ford driven by defendant James Neal, in which the owner defendant William Kerr was a front seat passenger.

The accident occurred about 6:40 p.m., September 16, 1970, in front of Sam White's Bar on U. S. 12 near Elliston, Montana. Rude was driving east toward Helena when the westbound Ford driven by Neal made a left turn across the highway to enter the private driveway at the bar. Rude applied his brakes, but was unable to avoid the collision. All three parties were injured in the accident.

Rude filed a complaint, alleging the negligence of Neal and imputing that negligence to Neal's passenger Kerr on the basis of joint venture. The complaint also charged Kerr with negligence on his own part. Kerr crossclaimed against Neal, alleging gross negligence and counterclaimed against Rude alleging negligence on his part. The jury returned a verdict awarding $10,000 to Rude in his claim against Neal and Kerr. The jury denied Kerr's claims and, in response to special interrogatories, found that:

1. Neal was negligent and his negligence was the proximate cause of the accident.

2. Neal was neither grossly negligent nor guilty of willful, wanton, or reckless conduct.

3. Rude was not negligent.

4. Kerr was negligent and his own negligence was the proximate cause of his own injuries.

5. Neal and Kerr were engaged in a joint venture at the time of the accident.

- 2 -

Neal and Kerr appeal from the combined judgment and the district court's denial of their motions for judgment notwithstanding the verdict or a new trial. The issues raised by Neal will be considered first. They are:

1. Did the district court err in instructing the jury on Montana law prohibiting driving on the left side of the road in a no-passing zone or when approaching the crest of a grade?

2. Did the district court err in admitting opinion testimony as to the speed of the vehicles and the cause of the accident?

Although Neal also presents argument on the issue of joint venture, he admits not being prejudiced by that alleged error. We therefore will consider that issue when we discuss Kerr's appeal.

Neal does not suggest that the instructions complained of are an incorrect statement of the law. It is apparent that they merely set forth the requirements of sections 32-2156(a)(1) and 32-2157, R.C.M. 1947. Neal argues, however, that those statutes do not apply to left turn situations. He contends that giving those instructions, combined with giving an instruction making statutory violations negligence as a matter of law, amounts to a directed verdict on the issue of Neal's negligence.

Section 32-2156, R.C.M. 1947, provides, in pertinent part:

> "(a) No vehicle shall at any time be driven to the left side cf the roadway under the following conditions:
>
> "1. When approaching the crest of a grade or upon a curve in the highway where the driver's view is obstructed within such distance as to create a hazard in the event another vehicle might approach from the opposite direction * * *".

Section 32-2157, R.C.M. 1947, as amended by Section 1, Chapter 97, Laws of Montana, 1957, and in effect at the time of this accident, provided:

"(a) The commission is hereby authorized to
determine those portions of any highway where
overtaking and passing or driving to the left
of the roadway would be especially hazardous
and may by appropriate signs or markings on the
roadway indicate the beginning and end of such
zones and when such signs or markings are in
place and clearly visible to an ordinarily ob-
servant person every driver of a vehicle shall
obey the directions thereof.

"(b) Where signs or markings are in place to
define a no-passing zone as set forth in para-
graph (a) no driver shall at any time drive on
the left side of the roadway within such no-pass-
ing zone or on the left side of any pavement
striping designed to mark such no-passing zone
throughout its length."

Both statutes provide that, under certain circumstances,
no vehicle shall be driven on the left side of the road "at any
time". Here, Neal turned left in a no-passing zone within 500
feet of the crest of a hill. However, we are not persuaded that
these statutes apply.

In Wilburn v. Simons, 302 Ky. 752, 196 S.W.2d 356, 358,
the Kentucky court dealt with statutory provisions virtually
identical to section 32-2156, R.C.M. 1947. In applying their
statute, the court said:

" * * * It is the duty of a car driver to keep
off the left side of a highway when he approaches
the crest of a hill. KRS 189.340. While this
does not mean that a driver could not turn left
to enter a driveway just in front of the crest
of a hill, yet it does mean, we think, that a
driver should necessarily exercise care under
these circumstances and turn at a reasonably
safe angle.* * *"

In Green v. Boney, 233 S.C. 49, 103 S.E.2d 732, 66 ALR2d
1370, the South Carolina court was called upon to apply a stat-
ute similar to section 32-2157, R.C.M. 1947. That court held
that it was not always negligence to turn left across a yellow
barrier line for the purpose of entering a private driveway,
but depended upon the circumstances of each case. While Rude
has urged that we not follow this rationale, he has cited no

- 4 -

cases holding that similar statutes prohibit left turns.

In 1957, the Montana legislature amended section 32-2157, R.C.M. 1947, adding the second paragraph as it appears in the section quoted above. Sec. 1, Ch 97, L. 1957. The title of that act is:

> "An Act to Amend [Section 32-2157, R.C.M.
> 1947] by Prohibiting Passing Over Pavement
> Striping Designating No-Passing Zones * * *".
> (Bracketed words and emphasis supplied).

The legislature's intent to prohibit passing is further evidenced by the positioning of this section with others dealing with over-taking and passing. (Sections 32-2153 through 32-2157, R.C.M. 1947). Statutes governing left turns are grouped together else-where in that chapter. (Sections 32-2164 through 32-2167, R.C.M. 1947). Furthermore, the very phrase "no-passing zone" suggests a prohibition of passing, not turning.

The section governing Neal's left turn here is section 32-2167, R.C.M. 1947. In Sumner v. Amacher, 150 Mont. 544, 437 P.2d 630, we recognized that this statute governed a left turn made in a no-passing zone, although the issues raised there were not the same as in the instant case. Here the district court did give an instruction based on section 32-2167, R.C.M. 1947, but erred in also giving the two instructions covering driving on the left side of the roadway. When combined with the instruction that statutory violations are negligence as a matter of law, the error was clearly prejudicial. McDonough v. Smith, 86 Mont. 545, 284 P. 542; 13 Blashfield, Automobile Law and Practice, 3rd Ed., §463.3.

Neal also contends the district court erred in allowing Sgt. Dale Hanson of the Montana Highway Patrol to express his opinion as to the speed of the vehicles and the cause of the accident. The challenge is not to Sgt. Hanson's expert qualifi-cations, but to the alleged insufficiency of the evidence upon which he based those opinions.

- 5 -

Sgt. Hanson was the investigating officer, arriving at the scene approximately one half hour after the accident took place. He observed the road and weather conditions, measured the skid marks, viewed the damage done to the vehicles, questioned witnesses at the scene and the parties later. Based on this evidence and charts which he had been trained to use, he estimated that Rude was traveling at approximately fifty miles per hour before he applied his brakes. He concluded that Neal was traveling at approximately twenty-five miles per hour when he began his left turn. He also testified that in his opinion speed was not a factor in this accident, but that it had been caused by Neal's failure to observe oncoming traffic and his failure to yield right of way.

The preceding paragraph is only a summary of the rather extended testimony of the officer. On the basis of the entire transcript, we find that Sgt. Hanson was properly qualified as an expert, and was in possession of sufficient facts to warrant the conclusions which he stated. As this Court recently noted in Pachek v. Norton Concrete Co., 160 Mont. 16, 499 P.2d 766, expert opinion evidence is admissible in explaining the cause of a particular accident. The district court did not err in admitting it here.

Kerr, the passenger in Neal's vehicle, also appeals. He alleges the following errors:

1. The district court erred in instructing the jury on the law of joint venture.

2. The district court erred in instructing the jury that a passenger's failure to warn his driver of imminent danger can be contributory negligence in an action against that driver.

3. There was insufficient evidence to support a finding of Kerr's contributory negligence.

- 6 -

The challenge to the instruction on joint venture is not that it is an incorrect statement of the law, but that there was insufficient evidence to present the issue to the jury. The elements which must be present before joint venture can be found have been succinctly stated in Sumner v. Amacher, 150 Mont. 544, 554, 437 P.2d 630, where the Court stated:

> "The elements which are essential to a joint venture are * * *: (1) an agreement, express or implied among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control."

See also, Rae v. Cameron, 112 Mont. 159, 114 P.2d 1060; Restatement, Torts 2d, §491, Comment (c).

Although Neal would have benefited by a finding of joint venture, both by having his codefendant share the burden of a possible judgment and by using it as a defense against Kerr's crossclaim, Neal testified there was no joint venture. Kerr testified there was no joint venture.

Both Neal and Kerr denied any common purpose or community of pecuniary interest in the trip which ended in the collision. The only agreement expressed was that Kerr agreed to ride along to "get away from my [Kerr's] business for a day and enjoy the outing". The only evidence introduced which even remotely suggests a community of pecuniary interest was that on at least one previous occasion, Kerr had traveled to a construction site to see the type of use the contractor would make of trucks rented from Kerr. Although counsel for Rude made valiant efforts to elicit further information from Neal, Kerr, and business associates of Kerr, there is simply no substantial evidence supporting a common purpose or community of pecuniary interest. Accordingly, we hold that there was insufficient evidence, as a matter of law,

to submit the issue of joint venture to the jury. McDonough v. Smith, 86 Mont. 545, 284 P. 542; 13 Blashfield, Automobile Law and Practice 3d 3d., § 463.3.

Finally, we consider Kerr's claim of error in the instructions on the question of Kerr's contributory negligence and the sufficiency of the evidence to support a finding of contributory negligence. Although the district court did err in its instructions on driving on the left side of the road and on joint venture, that error did not taint the jury's findings that Rude was not negligent and Neal was not grossly negligent. Thus Kerr cannot recover on his counterclaim against Rude in any event. Likewise, Kerr cannot recover against his host, Neal, because the jury found that Neal was not grossly negligent or reckless in his operation of the Ford under Montana's guest passenger statute. Section 32-1113, R.C.M. 1947. This bars any recovery by Kerr against Neal, irrespective of Kerr's freedom from negligence.

We affirm the judgments in favor of Rude and Neal respectively on Kerr's counterclaim and crossclaim. We dismiss Rude's claim against Kerr. We vacate the judgment of Rude against Neal and remand that claim to the district court for a new trial.

_____
Justice

We concur:

_____
Chief Justice

_____
Justice

_____
Justice

- 8 -