MR. JUSTICE SHEEHY,
dissenting:
This reversal is a follow-up from the unfortunate decision of this Court in Safeco Ins. Co. v. Ellinghouse (1986), [223 Mont. 239,] 725 P.2d 217, 43 St.Rep. 1689. This reversal evinces a growing elitist philosophy on this Court, a distrust of juries which bodes no good for insurance claimants in this state.
We begin with the flat statement that Geraldine C. Hauck was 100% negligent in causing the accident. The jury said so. A. G. Benoit, a top flight adjuster for one of the largest underwriting concerns in Billings said so. Earl Hanson, an attorney representing both insurance companies and both insurance claimants, said so. This Court said so in McDonough v. Smith under facts nearly identical:
“Defendant contends, however, that his evidence tended to show *76 that the damage to plaintiffs car was caused by plaintiffs own negligence. True, the answer of the defendant contained such a charge, but there is an entire absence of any evidence to support such allegation. Under the record presented here, the jury would not have been warranted in finding for the defendant on any theory, except that his car did not strike that of plaintiff. There was no evidence from which the jury could have determined that the damage to plaintiffs car resulted from any other cause than that it was struck by the defendant. If they could have found that the cars did not collide, then the reason why plaintiffs car struck the fence resulting in the damage complained of would have rested in conjecture and speculation.”
McDonough v. Smith (1930), 86 Mont. 545, 551, 284 P. 542, 544.
The jury verdict answered the following questions:
“1. Do you find that Defendant Mrs. Hauck was negligent and that her negligence was a proximate cause of the property damage suffered by the Plaintiff, Linda Hart-Anderson? Yes _X
“2. Do you find that Plaintiff Linda Hart-Anderson, was negligent, and that her negligence was a proximate cause of the property damage she suffered? No _X
“3. If your answer to both 1 and 2 was ‘yes’ then assign a percentage to each of them apportioning the negligence which proximately caused the accident between them in the following blanks:
Mrs. Hauck 100%
Mrs. Hart-Anderson 0%
“4. What is the amount in dollars of damage to Mrs. Hart-Anderson’s car which was caused by this accident? $687.00
“5. Did State Farm Insurance Company breach the obligations imposed by the Unfair Claims Settlement Act of Montana as given to you in the instructions? Yes X
“6. Did such breach proximately cause damage to Linda Hart-Anderson? Yes X
“7. What is the dollar amount of damages suffered by Linda Hart-Anderson for emotional distress as defined in these instructions, if any? $25,000.00
“8. Is Linda Hart-Anderson entitled to receive punitive or exemplary damages from State Farm Insurance Company under the instructions given you on punitive or exemplary damages? Yes X
“If ‘yes’ then in what amount? $687,000.00
Under Section 33-18-201, MCA, it is an unfair claims settlement practice for an insurance company to fail to acknowledge and act *77 reasonably promptly upon communications with respect to claims under insurance policies; to refuse to pay claims without conducting a reasonable investigation based upon all available information; to neglect to attempt in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear; and to compel insureds to institute litigation and recover amounts due by offering substantially less than the amounts ultimately recovered in actions brought by such insureds.
The majority opinion takes umbrage in finding that the District Court instructed the jury that an insurance company should not compel any person, and not just insureds, to institute litigation in order to recover what is justly due that person. The majority finds that the legislature did not “intend” to so protect third party claimants, but only intended to protect “insureds.” I submit that such intent is not what is to be deduced from the whole of Section 33-18-201, MCA, which in broad and repetitive language steps out to protect Montana persons dealing with insurance companies, both insureds and third party claimants. What legislative intent can be distinguished as different when the legislature provides that it is not good faith if the insurer neglects to effectuate prompt, fair and equitable settlements and also provides that insureds should not be forced to go to court to collect their due claims? If an insurance company neglects to effectuate prompt, fair and equitable settlement of claims where liability has become reasonably clear, is it not simply an extension of that neglect to compel third party claimants to go to court or else accept less than is due them? The ignominious result of the majority opinion is that now the District Court cannot instruct the jury that it is bad faith for an insurer to force a third party claimant to go to court to collect his claim, even though by so doing, the insurer “neglects to attempt in good faith to effectuate prompt, fair and equitable settlements” and fails “to acknowledge and act reasonably promptly upon communications with respect to claims.” The kind of nitpicking indulged by the majority in determining the legislative intent of Section 33-18-201(7), MCA, confounds the intent and purpose of the statute.
The majority objects to the statement of the District Court, read to the jury that:
“Defendant State Farm Insurance Company has offered to pay 50% of plaintiff’s damage. This offer was communicated at the time of State Farm’s first contact with the plaintiff and has never been increased or decreased.”
*78 The statement read by the District Court is absolutely true. It was the refusal of the insurance company to recognize its 100% obligation for the plaintiff’s damages that brought about the lawsuit. That is what the District Court was informing the jury. It would have been improper for the District Court to read to the jury a statement that later the insurer tried to settle both the bad faith action and the negligence action for a total of $5,000. The latter figure was simply an offer of compromise which would be inadmissible in any event.
Two things may be said with respect to the majority opinion and its treatment of the Earl Hanson testimony. First, all of the things to which Hanson testified were also testified to by the lay insurance adjuster, A.G. Benoit. No objection was made on appeal to the testimony of A.G. Benoit. Yet, this Court reverses on the testimony given by Earl Hanson, which is clearly compatible with the unobjected-to testimony of A.G. Benoit.
Second, the cross-examination of Earl Hanson as proposed by the insurer’s attorney was properly denied by the District Court. Allowance of such cross-examination would have meant that the jury would be trying not only the facts of this case but the facts in other reported cases in this state and other states which were not relevant to the issues presented here. The District Court should be sustained in its statement which in essence told the insurer’s attorney that the jury in this case was going to try one set of facts and one set of facts only.
The majority objection to the giving of court’s instruction No. 29, set forth in the majority opinion, is only further quibbling. Instruction No. 29 has to be read in conjunction with instruction No. 27. Instruction No. 29 merely told the jury that violations of the Unfair Claims Settlement Practice Act could be considered by them as evidence of presumed malice, “as that term is defined in these instructions.’’ (Emphasis added.) Instruction No. 27 told the jury that if the defendant “recklessly proceeds in unreasonable disregard or indifference to [the] risk [of harm], his conduct meets the standard of willful, wanton and/or reckless to which the law of this State will allow imposition of punitive damages on the basis of presumed malice.” The two instructions read together state the law. There is no question that the insurer in this case proceeded deliberately and intentionally to refuse to pay the full damages to which Linda Hart-Anderson was entitled. The majority would require the jury to attempt to determine punitive damages in a vacuum without consider *79 ation of the violations of the Unfair Claims Settlement Practice Act. That requirement is absurd.
The majority have withdrawn from their original opinion their comment on instruction No. 30. The court in this case properly instructed the jury, in instruction No. 30:
“More than one person may be responsible for causing injury. If you find that the defendant, Geraldine Hauck, was negligent and that her negligence proximately caused the plaintiffs property damage it is not a defense that some third person may also have been negligent.”
It was following instruction No. 30, that the court gave instruction No. 31, which stated:
“You are instructed that the actions of the driver of the Consolidated Freightways truck have no bearing upon this case as a matter of law. That is to say, the liability, if any, of Geraldine Hauck for the damage to Linda Hart-Anderson’s car is not reduced or eliminated by the fact that the driver of the Consolidated Freightways truck may also have been at fault.”
Those instructions, read together properly state the law of this case. Consolidated Freightways was not a party to this action. Under the theory of joint and several liability, Geraldine Hauck, if liable, was liable for all of that portion of negligence that the jury assigned to her. In that light, jury instruction No. 30 was perfectly proper and should be given again on retrial with instruction No. 31.
More than ever, this case points up the necessity of this Court examining the duty of insurance companies toward third party claimants in the light of the mandatory insurance law. Section 61-6-301, MCA. As I pointed out in my dissent in Fode v. Farmers Insurance Exchange (Mont. 1986), [221 Mont. 282,] 719 P.2d 414, 419, 43 St. Rep. 814, 820, the purpose of the mandatory insurance law is to protect third party motorists on our highways. The duty of the insurer to protect third party claimants and not harass them or refuse to pay their just claims is of greater import under mandatory insurance laws. The rights of the third party claimant now in automobile accident cases arise not merely through the insurance contract between the other motorist and his company but through the determination of the legislature that the general traveling public is to be protected. It is worth repeating the statement in Ferguson v. Employers Mutual Cas. Co. (1970), 254 S.C. 235, 174 S.E.2d 768, 771:
“The primary purpose of a compulsory motor vehicle liability insurance is to compensate innocent victims who have been injured by *80 the negligence of financially irresponsible motorists. Its purpose is not like that of ordinary liability insurance to save harmless the tort feasor himself. The injured person’s rights against the insurer are not derived through the insured as in the case of voluntary insurance. They are statutory and become absolute on the occurrence of an injury covered by the policy.” (Citation omitted.)
In the absence of federal regulation of insurance companies’ settlement practices, and the incomplete and limited statutory reach of state regulation, this Court has a duty to protect motorists from the unfair practice that was exhibited by State Farm in this case. Damages of $687 may not loom large in the state’s economy, but are important to the person involved. If the person involved has a choice of either 50% of his damages or going to court, it is more than likely that going to court will be out of the question because of the upfront costs that are necessary. The protection of Linda Hart-Anderson for one-half of $687 may not seem terribly important, but the multiplication of Linda Hart-Andersons by several hundred throughout the State of Montana every year has substantial importance. The jury decided not to condone this business practice of State Farm Mutual. The jury took a proper course in awarding punitive damages. It is a regrettable action for this Court to set aside that award for the flimsy reasons given.
MR. JUSTICE HUNT concurs in the foregoing dissent of MR. JUSTICE SHEEHY.