JUSTICE TRIEWEILER
concurring in part and dissenting in part.
I concur with those parts of the majority’s opinion which uphold the timeliness of Semitool’s notice of appeal, affirm the District Court’s instructions on the issue of negligence, and conclude that there was sufficient evidence to submit the plaintiff’s case to the jury.
I dissent from that part of the majority’s opinion which concludes that there was a timely and appropriate objection to the testimony of Alan Brown, and which reverses the verdict in favor of the plaintiff on the basis of that objection.
*214 In Heltborg v. Modern Machinery (1990), 244 Mont. 24, 795 P.2d 954, we distinguished between expert opinions which express a factual conclusion, and expert opinions which express a legal conclusion. We held that the former were admissible even when they embrace an ultimate issue of fact. Heltborg, 795 P.2d at 958. We held that Brown could not express his opinion that defendant had breached the covenant of good faith and fair dealing because that testimony amounted to a legal conclusion. Heltborg, 795 P.2d at 959.
In this case, Brown expressed what we previously characterized as a legal conclusion on three occasions. When first asked for his general opinions in this case, he expressed the opinion that plaintiff’s termination was not a normal reduction in work force and that it violated the implied covenant of good faith and fair dealing. There was no objection to those opinions, nor any motion to strike them. Later during that same answer the witness began to discuss decisions of this Court. That testimony was objected to on a proper basis and the witness was instructed to avoid discussing the law. He completed his answer without further discussion of the law.
Later in his testimony, he was asked specifically whether in his opinion Semitool violated the covenant of good faith, and whether their termination of the plaintiff was a legitimate reduction in force. His answers to these questions are the basis for the majority’s reversal of the jury verdict in this case. The majority concludes that his answers to these questions were impermissible legal conclusions pursuant to our decision in Heltborg. However, neither of these questions was objected to on that basis. Both were objected to for the reason that they went to the ultimate issue in the case and invaded the province of the jury. [1]
[F]or the reason that said opinion is without adequate foundation, invades the province of the trier of fact, and is not helpful to the trier of fact in determining the ultimate issue involved in this case, pursuant to Rules 701 and 704, Montana Rules of Evidence.
Nowhere in the motion in limine did defendant state that Brown’s opinion was objectionable because it expressed a legal conclusion.
Pursuant to Rule 704, M.R.Evid., and our previous decision in Heltborg, the fact that expert opinion testimony addresses the ul~ *215 tímate issue in the case is not a basis for excluding it. Rule 704 specifically provides:
“Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.”
We have discussed the adequacy of the kind of objection made in this case previously. In State v. Howard (1981), 195 Mont. 400, 404, 637 P.2d 15, 17, we stated in language clearly relevant to this case:
“The objection made by defense counsel to the question calling for the doctor’s opinion on intent was that it ‘invades the province of the jury.’ This objection is not adequate to justify exclusion of the testimony. It is merely another way of saying that the testimony embraces an ultimate issue to be decided by the jury. Rule 704 of the Montana Rules of Evidence provides:
‘Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.’
“This rule reflects long-established law in Montana. State v. Petko (1978), 177 Mont. 229, 581 P.2d 425; McGuire v. Nelson (1975), 167 Mont. 188, 536 P.2d 768; Rude v. Neal (1974), 165 Mont. 520, 530 P.2d 428; State v. Campbell (1965), 146 Mont. 251, 405 P.2d 978; State v. Shannon (1933), 95 Mont. 280, 26 P.2d 360; Kelly v. John R. Daily Co. (1919), 56 Mont. 63, 181 P. 326. Thus, the fact that the doctor’s opinion on intent went to an ultimate issue is not a basis for its exclusion.” [Emphasis added.]
The fact that Brown’s testimony was not objected to for an appropriate reason is significant because Rule 103(a)(1), M.R.Evid., provides as follows:
“Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
“(1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context... .”
By requiring that the specific ground for the objection be stated, it is implicit from Rule 103 that the objection must correctly state the reason for which the testimony objected to is inadmissible.
Rule 103 is extremely important to attorney practitioners and trial judges in the district courts. Its purpose is obvious. It is simply not fair to reverse a verdict for either party based upon error which was *216 not brought to the attention of the district judge and the other party. For one thing, the district judge should have an opportunity to consider the objection in light of the proper reason for the objection. The rule presumes that if he has that opportunity he is more likely to make a correct ruling.
Just as importantly, the party offering the evidence should be given the opportunity to consider whether the evidence was inadmissible for a proper reason, and should have the option of withdrawing the evidence or restating the question to avoid the possibility of error. Neither the District Judge nor the plaintiff’s attorney were given that opportunity in this case because the defendant’s objection to the expert’s testimony did not identify an appropriate basis for excluding the testimony.
In concluding that the defendant’s objection was properly stated in this case, the majority rationalizes that expert legal opinions invade the province of the jury. However, the majority’s opinion demonstrates a lack of understanding about the division of responsibility between juries and judges.
Juries arrive at factual conclusions, not legal conclusions. Judges arrive at legal conclusions and instruct the jury on the law. The only “province of the jury” was to resolve the facts in this case. Rule 704 permits testimony from a qualified expert regarding the ultimate factual issue. Therefore, an objection which states that the plaintiff’s question invades the ultimate province of the jury does not state a proper basis for excluding the expert testimony.
What the majority has done in this case is extremely unfair to the trial court and the plaintiff and will create uncertainty in all future trials because of the possibility that legal issues can be raised and scrutinized on appeal that were never raised during trial. No party can be assured that he or she prevailed based on those issues that were addressed during the trial court proceedings.
I conclude that there was not a proper objection to Brown’s testimony. For that reason, any objection was waived and the verdict for the plaintiff should be affirmed.
JUSTICES HUNT and McDONOUGH concur in the foregoing concurring and dissenting opinion of JUSTICE TRIEWEILER.

 Prior to trial the defendant also filed a motion in limine to exclude certain opinions of Brown. However, the basis stated in that motion was not an appropriate basis for excluding the testimony. The reason given was as follows: