No. 13635

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

SAMUEL J. YERKICH and
SHARON A. YERKICH,

        Plaintiffs and Respondents,

    -vs-

MITCHELL J. OPSTA,

        Defendants and Appellants.

---

Appeal from:  District Court of the Second Judicial District,
            Honorable James Freebourn, Judge presiding.

Counsel of Record:

    For Appellants:

        Michael J. McKeon argued, Anaconda, Montana

    For Respondents:

        Roe, Kiely and Harrington, Butte, Montana
        Thomas F. Kiely argued, Butte, Montana
        George Sarsfield argued, Butte, Montana

---

           Submitted:  March 6, 1978

             Decided: APR 1 8 1978

Filed:    APR 1 8 1978

*Thomas J. Kearney*
                    Clerk

Honorable M. James Sorte, District Judge, delivered the Opinion of the Court:

Defendant Mitchell J. Opsta appeals from the order of the District Court, Silver Bow County, granting plaintiffs' motion for new trial and setting aside the verdict of the jury.

On January 2, 1976, plaintiffs Samuel J. and Sharon A. Yerkich filed suit in the District Court seeking damages for the wrongful death of their eleven year old daughter, Dana Sue. The cause of action arose out of a motor vehicle accident in which an automobile driven by defendant struck and killed Dana when she attempted to cross a city street in Butte, Montana. The cause was heard by the District Court, sitting with a jury. The jury returned a verdict for defendant, specifically finding that defendant was not negligent. Plaintiffs entered a motion for new trial and requested the jury verdict be vacated. Briefs were submitted and a hearing on the motion was conducted before the District Court on August 13, 1976.

On August 17, 1976, the District Court issued its order granting plaintiffs' motion for new trial and set aside the jury verdict on the grounds:

> "(a) That the evidence was insufficient to justify the verdict for Defendant in that the clear and uncontroverted evidence established the plaintiffs' daughter was crossing Harrison Avenue and was near the center line, that the defendant took no evasive action to avoid striking the decedent, that there were no cars in the west lane of southbound traffic on Harrison Avenue to obstruct Defendant's view, that the child was in plain view to be seen if Defendant had looked, that Defendant had the clear duty to be on the lookout ahead and laterally ahead and failed so to do.
>
> "(b) That standing alone, defendant's own testimony proves conclusively that he was driving his vehicle in the east lane of southbound traffic on the four-lane highway in a 25-mile per hour speed zone; that Dana Yerkich was struck by the left front of defendant's vehicle, was thrown into the air by the impact, and landed on the left fender of defendant's automobile; that she had crossed one lane of traffic and was almost through the second lane when she was

struck; that defendant's view of the girl had to be unimpaired and that if he had maintained a proper lookout, he would have seen Dana Yerkich from the time she emerged into the street and crossed almost entirely in front of defendant's automobile; that by exercising the degree of care required by Law, and taking proper evasive action, defendant could have avoided striking the child with such force as to cause fatal injuries."

The controlling issue on appeal is whether the District Court erred in setting aside the verdict of the jury and granting plaintiffs' motion for a new trial.

A motion for new trial in this matter is controlled by Rule 59, M.R.Civ.P., and section 93-5603, R.C.M. 1947, which provides:

"When a new trial may be granted. The former verdict or other decision may be vacated and a new trial granted, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party:

" * * *

"6. Insufficiency of the evidence to justify the verdict or other decision, or that it is against the law.

" * * * ."

This Court has held the District Court has broad discretion in granting or denying motions for new trial. The District Court ruling will not be disturbed on appeal in the absence of a clear showing of manifest abuse of discretion. Brothers v. Town of Virginia City, (1976), ____Mont.____, 558 P.2d 464, 33 /St.Rep. 1250; Gunderson v. Brewster, (1970), 154 Mont. 405, 466 P.2d 589. There are insufficient grounds for the trial judge to grant a motion for new trial when conflicting testimony was received into evidence at the trial and the order granting the motion for new trial indicates the trial judge chose to rely on a line of conflicting testimony different from the testimony relied on by the jury in rendering its verdict. In re Hardy Estate, (1958), 133 Mont. 536, 326 P.2d 692.

The present case exemplifies the situation where on-the-scene witnesses offered conflicting testimony at the trial. The transcript of the proceedings reveals conflicting testimony in the following particulars:

(1) The rate of speed of the 1957 Ford automobile which was driven by defendant and struck the victim.

(2) The driving lane in which defendant's automobile was proceeding in a southerly direction on Harrison Avenue.

(3) The location of parked motor vehicles at the scene of the accident.

(4) The location of the victim at the time of impact.

(5) Whether the victim was struck by the automobile when she was in or near the crosswalk or whether she had darted from between parked cars and was struck outside of the crosswalk.

Although the testimony of witnesses conflicted, substantial credible testimony elicited from on-the-scene witnesses corroborated defendant's contention that he entered the intersection of Harrison Avenue and Cobban Street under a green signal light and that Dana attempted to cross Harrison Avenue under a "DO NOT WALK" pedestrian traffic signal. Other on-the-scene witnesses testified defendant's vehicle was traveling within the speed limit and in a nonreckless manner when the accident occurred. Investigating police officers at the scene of the accident failed to find evidence to warrant the issuance of a traffic citation to defendant.

Upon review of the transcript of the District Court proceedings, we find substantial credible evidence to support the verdict of the jury. The District Court erred when it granted plaintiffs' motion for new trial and to set aside the verdict of the jury.

The order of the District Court granting plaintiffs'

motion for new trial is reversed.

_____
Hon. M. James Sorte, District Judge
sitting with the Court.

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 5 -