MR. JUSTICE SHEA
delivered the opinion of the Court.
The defendant, Board of Trustees of Missoula County High School (hereinafter referred to as Board) appeals the order of the Missoula County District Court, granting the plaintiffs’ motion for a new trial. The Board contends that the trial court erroneously concluded that the expert testimony of Arlyn Simms was not necessary and that his testimony prejudiced the plaintiffs’ case.
On April 24, 1975, the plaintiffs, Margaret and Albert Ployhar commenced this action to recover damages for the death of their son, Patrick. In September 1972, Patrick enrolled in a heavy equipment operation class at Missoula Technical Center (Tech). On April 30, 1973, students under the supervision of Tech instructors were leveling ground with caterpiller tractors and other heavy equipment used to teach class techniques. At the time the accident occurred, Patrick, then 19 years old, was placing stakes behind a caterpillar being operated by another student. When the caterpillar reversed its direction, Patrick was caught under the cat and crushed. He died as a result of the accident.
The plaintiffs’ amended complaint alleged that the Board had negligently caused the decedent’s death by failing to furnish the caterpillar with a back up alarm, by directing the decedent to place stakes in a dangerous area, and by permitting the caterpillar to be operated by an inexperienced person without proper supervision. At trial Arlyn Simms, an instructor at Tech, who was supervising some of the students when the accident occurred, testified for the plaintiffs.
During cross examination, counsel asked Simms what in his opinion was the cause of the accident. Simms replied that Pat was at fault. On February 15, 1979, the jury returned a verdict for the defendant. The plaintiffs made a motion for a new trial which the *365 trial court granted on March 23, 1979. On April 9, 1979, the Board filed a notice of appeal of the court order for a new trial.
The trial court has broad discretion in granting or refusing to grant a new trial. Its order will not be disturbed on appeal in the absence of a clear showing of a manifest abuse of discretion. See Yerkich v. Opsta (1978), 176 Mont. 272, 577 P.2d 857. This Court is especially reluctant to reverse an order granting a new trial because it gives both parties an equal chance to relitigate their positions in a second trial. Tigh v. College Park Realty Co. (1967), 149 Mont. 358, 427 P.2d 57. An order granting a new trial will be upheld if it can be sustained on any of the grounds contained in the order. Tigh, supra.
Here, the trial court concluded the plaintiff was entitled to a new trial because Arlyn Simms’ testimony was not necessary to reconstruct the accident and he was a participant in the events surrounding the accident. We conclude there was no abuse of discretion in finding Simms’ testimony was not necessary, and thus, will discuss here only the former point contained in the court order.
Simms gave his opinion as to the proximate cause of the accident. Opinion evidence concerning the cause of an accident is admissible only if the subject matter is beyond the ordinary understanding of the jury. See Ziegler v. Crofoot (1973), 213 Kan. 480, 516 P.2d 954. The cause of the accident must be sufficiently complex to require explanation. See McGuire v. Nelson (1975), 167 Mont. 188, 536 P.2d 768; Massoni v. State Highway Commission (1974), 214 Kan. 844, 522 P.2d 973, 979. See also Dobkowski v. Lowe’s, Inc. (Ill.C.A. 1974), 20 Ill.App.3d 275, 314 N.E.2d 623. Here, there was no need for such testimony. The accident was relatively simple. It involved a single tractor, and the actions of only two individuals, the driver of the tractor and the accident victim. At trial, an eyewitness gave his description of the accident, and other witnesses testified concerning the actions of the tractor driver and the decedent. This evidence appears to be sufficient to allow the jury to make an independent judgment as to the ultimate *366 cause of the accident. Thus, we conclude there was no abuse of discretion in determining that opinion testimony was not needed here.
The Board contends that Simms’ testimony was not prejudicial to the plaintiffs’ case. However, the extent to which the deceased’s own actions caused the accident was obviously a crucial part of the Board’s defense. No other witnesses gave their opinion as to the cause of the accident. These circumstances support the trial court’s conclusion that Simms’ testimony was manifestly prejudicial to the plaintiff’s case.
Accordingly, the order for a new trial is affirmed.
MR. JUSTICES DALY and SHEEHY concur.