No. 81-195

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

GREGORY K. GOODNOUGH and
COREY McMILLAN,

Plaintiffs and Appellants,

vs.

STATE OF MONTANA,

Defendant and Respondent.

---

Appeal from: District Court of the Eleventh Judicial District,
In and for the County of Flathead
Honorable Robert Sykes, Judge presiding.

Counsel of Record:

For Appellants:

William A. Rossbach argued, Missoula, Montana
Hoyt and Trieweiler, Whitefish, Montana

For Respondent:

Murphy, Robinson, Heckathorn & Phillips, Kalispell,
Montana
I. James Heckathorn argued, Kalispell, Montana

---

Submitted: February 23, 1982

Decided: JUL 1 1982

Filed: JUL 1 - 1982

*Thomas J. Kearney*
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal of an action in negligence against the State of Montana, arising out of a car accident in which plaintiffs' car was struck by a passing vehicle while making a left turn. Plaintiffs brought this action against the driver of the passing vehicle, Rodney Kludash, and the State of Montana. The plaintiffs settled with Kludash but proceeded to trial against the State. The jury returned a verdict for the State, and a judgment based on this verdict was issued by the District Court of the Eleventh Judicial District, Flathead County. The plaintiffs appeal.

On November 9, 1976, at about 4:30 p.m., the appellants, two high school boys, were driving south on Highway 93 from Whitefish, Montana, to a rural subdivision called Happy Valley. As appellant McMillan was turning left off the highway into the subdivision, his car was struck by a passing vehicle driven by Rodney Kludash. Both appellants incurred substantial injuries. Goodnough had a badly broken femur which required nearly a full body cast. McMillan was in a semi-comatose state for several weeks, had a crushed pelvis, and incurred many problems with his trachea when a tracheostomy was performed in the hospital.

Happy Valley subdivision is about six miles south of Whitefish. The intersection between the road leading to Happy Valley and Highway 93 is 1,051 feet from the crest of a hill. The road is straight, and on the day of the accident it was clear and dry. Double yellow, no passing stripes go up the hill preceding the intersection and continue past the intersection. Seven hundred feet before the intersection there is a traffic sign warning of a pedestrian crossing.

The plaintiffs contend that the State was negligent by using only double yellow, no passing stripes to warn drivers of passing. They claim the State had notice of the hazardous nature of the Happy Valley intersection and, therefore, was under a duty to put up a no passing sign, an intersection sign, or a turn bay for left-turning cars. An expert for the plaintiffs testified that because the State was aware of the high number of accidents reported at this intersection, it should have known that the yellow, no passing stripes commanded little respect and were not effective. The plaintiffs claim that the State created a "trap" for unwary drivers.

The State emphasizes the facts surrounding the accident itself, claiming that any liability of the State, if any, was cut off by the superseding cause of the passing vehicle. The State presented evidence that the driver of the passing vehicle, Kludash, was traveling between 75 and 100 miles per hour and that Kludash had a blood alcohol level of .08 percent at the time of the accident. The District Court allowed into evidence testimony that Kludash's car was seen parked alongside the road outside of Whitefish, and several of the car's occupants were outside relieving themselves.

At the trial, the District Court gave the following instruction on superseding, intervening cause:

> "The law recognizes what is called a superseding cause. A superseding cause is an intervening cause not reasonably foreseeable that cuts off the causal connection between the alleged original negligence and the injury complained of and thereby prevents the alleged original negligence from being a proximate cause thereof. As applied to this case, the law provides that if you should find that the State of Montana was negligent

and the State's negligence was a contributing factor to the plaintiffs' injuries, but that the negligence of Rodney Kludash was a superseding cause, then such superseding cause prevents any negligence of the State of Montana from being a proximate cause of claimants' injuries." Jury Instruction No. 14.

After beginning deliberation, the jury evidently became confused as to the meaning of "superseding" and wrote the trial judge this note: "We do not understand superseding in Instruction No. 14." The judge refused to give the jurors a dictionary and advised the jurors to examine and consider all of the other instructions along with No. 14 and, in doing so, apply their judgment to the facts.

After deliberation, which included an overnight recess, the jury sent down a verdict for the State.

The appellants present basically four issues on review:

1. Whether the jury was so confused by the instructions on proximate cause that a verdict for appellants was impossible.

2. Whether the District Court erred by admitting evidence that occupants of the Kludash car were seen relieving themselves.

3. Whether a highway patrolman was competent to estimate the speed of the Kludash vehicle.

4. Whether the District Court erred in prohibiting counsel for appellants to question prospective jurors about their beliefs, as taxpayers, concerning their financial interest in the outcome of the case.

Appellants' major contention of error is that the jury was so confused by the instructions that a verdict for them was made impossible. Specifically, appellants contend

-4-

that Instruction No. 14 was incomplete, in that superseding cause was not properly defined, and caused prejudicial confusion in the jury.

Appellants contend that the confusion of this incomplete definition was compounded by the giving of Instruction No. 12 which provides:

> "A plaintiff who is injured as a proximate result of some negligent conduct on the part of a defendant is entitled to recover compensation for such injury from that defendant.
>
> "Thus, Plaintiffs are entitled to a verdict in this case if you find, in accordance with my instructions:
>
> "1. That Defendant was negligent, and
>
> "2. That such negligence was a proximate cause of injury to the plaintiffs, and
>
> "3. That such negligence was not superseded by the negligence of others as defined in these instructions."

Appellants claim that this confusion could have been alleviated by the giving of their proposed instruction no. 12:

> "If you find that the Defendant State of Montana was negligent and that its negligence was a substantial factor in bringing about an injury to the Plaintiffs but that the immediate cause of the injury was the negligent conduct of a third person the Defendant is not relieved of liability for such injury if:
>
> "1. At the time of its conduct Defendant realized or reasonably should have realized that a third person might act as he did;
>
> "2. A reasonable person knowing the situation existing at the time of the conduct of the third person would not have regarded it as highly extraordinary that the third person had so acted."

It is well established in Montana that when instructions are inconsistent or contradictory to a degree that would confuse the average juror, reversal is required.

Brothers v. Surplus Tractor Parts Corporation (1973), 161 Mont. 412, 506 P.2d 1362, 1364. However, this Court has also ruled that where the jury instructions, taken as a whole, state the law applicable to the case, a party cannot claim reversible error as to the giving of certain instructions. Rock Springs Corporation v. Pierre (1980), ___ Mont. ___, 615 P.2d 206, 211, 37 St.Rep. 1378, 1383. As noted by our sister court in Idaho, when considering jury instructions, it must be remembered that often a jury is deluged with numerous instructions, many of which attempt to explain complex questions of law. The court on review must therefore balance the possible confusion created by layer upon layer of instructions and the necessity of providing the appropriate legal theories. Messmer v. Ker (1974), 96 Idaho 75, 524 P.2d 536.

Because the instructions given by the District Court are not inconsistent or contradictory, and because they reflect, in substance, the applicable Montana law, we cannot say that the appellants were prejudiced by the giving of these instructions.

In Halsey v. Uithof (1975), 166 Mont. 319, 532 P.2d 686, we discussed the rules of concurrent cause and superseding-intervening cause and how they relate to the determination of proximate cause:

> "We agree with the proposition that where one has negligently caused a condition of danger, he is not relieved of responsibility for damage caused to another merely because the injury also involved the later misconduct of someone else. But, this is true only if both negligent acts are in fact concurring proximate causes of the injury; and it is not true if the later negligence is an independent, intervening sole cause of the incident. [Citation omitted.]

"In determining whether the negligence in creating a hazard (the truck stalled on the highway) was a proximate cause of the accident, this test is to be applied: Did the wrongful act, in a natural continuous sequence of events, which might reasonably be expected to follow, produce the injury? If so, it is a concurring proximate cause of the injury even though the later negligent act of another . . . cooperated to cause it. On the other hand, if the latter's act of negligence in causing the accident was of such a character as not reasonably to be expected to happen in the natural sequence of events, then such later act of negligence is the independent, intervening cause and therefore the sole proximate cause of the injury. [Citations omitted.]" 532 P.2d at 690-691.

Here, Instruction No. 14 provides that a superseding cause is an "intervening cause not reasonably foreseeable that cuts off the causal connection between the alleged original negligence and the injury complained of and thereby prevents the alleged original negligence from being the proximate cause thereof." While this is neither the clearest nor best language possible, it states essentially the rules set down in Halsey. In Halsey we stated, in effect, that the intervening cause is the sole proximate cause of the injury if it was not reasonably foreseeable. Other Montana case law has followed this proposition and emphasized the importance of foreseeability in determining whether an intervening cause is the sole proximate cause of injury. See Schafer v. State, Dept. of Institutions (1979), 181 Mont. 102, 592 P.2d 493, 36 St.Rep. 560; and DeVerniero v. Eby (1972), 159 Mont. 146, 496 P.2d 290.

We cannot see how plaintiffs' proposed instruction no. 12 would have alleviated any confusion arising from application of these complex legal rules to the facts of this case. Plaintiffs' proposed instruction no. 12 merely paraphrases the Restatement on Torts, while Instruction No.

14 reflects prior Montana law. It did not contain a defini-
tion of superseding cause. The District Court was therefore
not in error by refusing this proposed instruction.

Because appellants were not prejudiced by Instruction
No. 14 and the other instructions given to the jury, we
cannot say that the District Court erred by giving Instruc-
tion Nos. 12 and 14.

It should be noted here that the appellants did not
put in their briefs a verbatim text of the jury instructions
which they claimed were in error. In the future, we request
that when an appellant relies on error arising out of the
issuance of jury instructions, he should set forth the text
of the instructions in the brief, as well as the trial
court's ruling on the instructions and any related instruc-
tions the appellant claims should have been given.

The appellants next contend that the District Court
erred by admitting the testimony of appellant Goodnough that
he had seen the Kludash car parked south of Whitefish on
Highway 93 with persons outside the car going to the bath-
room. Appellants claim that such testimony is without
probative value because it is impossible to identify which
occupants were outside of the car and because the incident
was too remote from the scene of the accident. Appellants
also claim that the testimony was so highly inflammatory
that its probative value, if any, was outweighed by its
prejudicial effect.

The District Court admitted Goodnough's testimony
because it was relevant ". . . to the mental condition of
the driver . . . and also as to speed of the vehicle . . ."

Under Rule 401, Mont.R.Evid., relevant evidence is

"evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." The speed of the Kludash vehicle was definitely relevant to showing whether it was a superseding cause of the appellants' injuries. That the car was parked a number of miles away from the accident and that it caught up with the McMillan vehicle is therefore relevant and probative to an issue in this case.

Under Rule 403, Mont.R.Evid., relevant evidence may be excluded if its probative value is outweighed by unfair prejudice or confusion of the issues. The appellants cite State v. Bischert (1957), 131 Mont. 152, 308 P.2d 969, to support their argument that Goodnough's testimony was so inflammatory that it should have been excluded. In Bischert, this Court discussed the prejudicial nature of gruesome photographs of a five-month-old baby who had starved to death. Bischert is not applicable here.

The testimony of Goodnough is not prejudicial to the appellants; it is no reflection on them or their actions. While it may be considered somewhat prejudicial toward Kludash and the occupants of his car, we are not concerned with them here. The prejudicial nature of Goodnough's testimony, if any, is therefore outweighed by its probative value.

The appellants' third issue is whether Highway Patrolman Jacobsen was competent to testify as to the speed of the Kludash vehicle. Appellants acknowledge that this Court recognizes the competency of a highway patrolman to give his calculations of the speed of a vehicle based on the

vehicle's skid marks. Appellants claim, however, that estimating speed in a complicated collision requires training in physics and mechanics which highway patrolmen do not have. See, Deaver v. Hickox (1967), 81 Ill.App.2d 79, 224 N.E.2d 468.

This Court has long held the standard that the determination of the qualification of a skilled or expert witness is a matter largely within the discretion of the trial judge and, in the absence of a showing of abuse, ordinarily will not be disturbed. Graham v. Rolandson (1967), 150 Mont. 270, 435 P.2d 263; Workman v. McIntyre Construction Co. (1980), ____ Mont. ____, 617 P.2d 1281, 37 St.Rep. 1637; for more extensive discussion see 29 ALR3d 248. More importantly, in a very similar case involving the same type of collision, we specifically allowed expert testimony of a highway patrolman concerning the cause of the accident and vehicular speed. See, Rude v. Neal (1974), 165 Mont. 520, 530 P.2d 428.

Here, Highway Patrolman Jacobsen testified that he had been a highway patrolman for twelve years, had investigated about 1,500 accidents, and had training in accident investigation, including how to estimate speed from the length of skid marks and damage to automobiles. As we recognized in Wollaston v. Burlington Northern, Inc. (1980), ____ Mont. ____, 612 P.2d 1277, 37 St.Rep. 1015, as long as the cross-examiner is given adequate opportunity to elicit any assumptions or facts underlying an expert's opinion, the weight to be given the expert's testimony is for the jury to determine. As noted by the District Court, the question is not one of admissibility of the patrolman's testimony, but

the weight it is given. The District Court, therefore, did not err by allowing the highway patrolman to testify as to the speed of the Kludash vehicle.

Finally, appellants contend that the District Court erred in not allowing counsel for the appellants to question prospective jurors about their beliefs, as taxpayers, concerning the financial outcome of the case. In Borkoski v. Yost (1979), 182 Mont. 28, 594 P.2d 688, 36 St.Rep. 809, we held that the failure to permit voir dire on issues relating to damages is harmless error where the jury finds against the plaintiff on the issue of liability. We did not, however, rule that it was not error.

In Keith v. Liberty County Hosp. & Nurs. Home (1979), ____ Mont. ____, 598 P.2d 203, 36 St.Rep. 1378, the jury decided against the plaintiff on the issue of liability, and the plaintiff contended on appeal that she should have been granted a change of venue because most of the members of the jury panel were county taxpayers who had a pecuniary interest in the outcome of the action against the county hospital. We held that plaintiff's motion for change of venue was untimely but stated that this Court has previously held that taxpayer status is not a ground for juror disqualification. It appears that the trial courts are interpreting our holdings as messages that we think voir dire on this subject should not be permitted. To the contrary, we think the trial courts should permit this type of voir dire if either party requests it.

Although the situation may not often occur, we cannot overlook the possibility that prospective jurors, because of their interests as taxpayers, might not want to reach the

-11-

issue of damages and therefore might decide against the plaintiff on the issue of liability. We can see no harm in permitting voir dire on the issue of damages, and permission by the trial courts will dispose of the recurring problem of whether the failure to permit the voir dire is harmless error.

Here, since the jury returned a verdict for the defendant and did not reach the question of damages, the error must be considered harmless and not grounds for reversal. See, Borkoski, supra; Rule 61, M.R.Civ.P.

Having found no prejudicial error, the judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____
_____
_____
Justices

_____
Honorable Douglas G. Harkin,
District Judge, sitting in
place of Mr. Justice Frank B.
Morrison, Jr.

-12-