No. 83-344

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

DIANE KAY FEELEY FOREMAN,

        Plaintiff and Appellant,

    -vs-

MICHAEL LEE MINNIE, YELLOWSTONE
COUNTY, MONTANA and BOB SMITH
LINCOLN-MERCURY, INC.,

        Defendants and Respondents.

_____

APPEAL FROM:  District Court of the Thirteenth Judicial District,
              In and for the County of Yellowstone,
              The Honorable Charles Luedke, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Joseph P. Hennessey, Billings, Montana

    For Respondents:

        Keefer, Roybal, Hanson, Stacey & Jarussi, Billings,
        Montana

_____

                        Submitted on Briefs:  May 31, 1984

                                    Decided:  August 9, 1984

Filed:  AUG 9 - 1984

_____
                    Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Appellant brings this appeal from a jury verdict in the Thirteenth Judicial District, Yellowstone County, for the defendants. The jury found the respondents not liable for the injuries appellant sustained in an automobile accident between a sheriff's deputy's vehicle and a vehicle in which appellant rode as a passenger. We affirm.

On March 15, 1977, appellant (then age 15) accepted a ride from school with Bradley Shaw. They drove around Billings for a few hours. They stopped at appellant's parent's house and also stopped at a drive-in for dinner. Following this period of driving around, looking for and visiting friends, Shaw purchased a "six pack" of beer at a local bar. He then drove up to the "Rimrocks" to "park," drink beer and listen to music.

About 8:30 p.m. they started to return to Billings. Around the same time, a severe accident occurred on the west side of Billings. The sheriff's office dispatched deputies Michael Lee Minnie and Charles Maxwell to investigate and assist at the accident scene. They drove their patrol cars out of Billings, with sirens blaring and emergency lights flashing, in a westerly direction on Route 3 parallel to the "Rimrocks." Evidence differs as to the speed of respondent's vehicle, but it exceeded 65 miles per hour. Respondent drove approximately between one-eighth and one-quarter of a mile ahead of Maxwell.

Shaw drove his vehicle from 23rd Street and turned out in front of respondent onto Route 3. Respondent, apparently unable to stop or avoid colliding with Shaw, slammed into

the side of Shaw's vehicle. Both cars skidded off the highway and into the barrow pits on different sides of the road.

A day or two after the accident, appellant requested that an officer search the Shaw vehicle for some jewelry she had lost. The officer conducting the search found several empty beer cans and bottles, a few full beer cans and some drug paraphernalia.

Both appellant and Shaw admitted consuming at least one beer during the course of the evening. They admitted having consumed some marijuana prior to the date of the accident, but adamantly denied having consumed any marijuana on the date of the accident.

Just prior to the trial, appellant's attorney sought a motion in limine to preclude the admission of any evidence of the discovery of the drug paraphernalia in Shaw's vehicle. The District Court denied appellant's motion. A jury then found respondents not liable for the injuries appellant suffered as a result of the accident.

Appellant raises the following issues for appeal:

(1) Did the District Court err in permitting Deputy Maxwell to testify as an expert witness and state his conclusion as to the cause of the accident?

(2) Did the court err in giving a jury instruction regarding the statutory prohibition against driving under the influence?

(3) Did the court err in denying appellant's jury instruction regarding not imputing appellant's negligence from the negligence of Shaw?

(4) Did the court err in denying appellant's motion in

limine to preclude the admission into evidence of the drug paraphernalia found in the Shaw vehicle?

(5) Did the jury render a verdict contrary to the evidence and law?

Appellant first contends that the court erred in permitting Deputy Maxwell's testimony regarding the cause of the accident under Rule 704, Montana Rules of Evidence. There was no need for such testimony because the subject matter was not beyond the ordinary understanding of the jury. She also questions Deputy Maxwell's qualifications as an expert witness in this case. He also improperly testified regarding the legal cause of the accident.

We set forth the standard that the determination of the qualification and competency of expert witnesses rests largely with the trial judge, and without a showing of an abuse of discretion such determination will not be disturbed. Goodnough v. State (Mont. 1982), 647 P.2d 364, 39 St.Rep. 1170. This Court affirmed a trial court's determination that highway patrolmen meet necessary qualifications to testify as expert witnesses for automobile accidents and permitted them to testify regarding the cause of the accident. Goodnough v. State, supra; Workman v. McIntyre Construction Co. (Mont. 1980), 617 P.2d 1281, 37 St.Rep. 1637; Rude v. Neal (1974), 165 Mont. 520, 530 P.2d 428.

Appellant contends that Deputy Maxwell was not the investigating officer at the accident and therefore would not qualify as an expert witness. Maxwell was at the accident site, he witnessed the accident and assisted in the accident investigation. That combined with his experience

clearly qualifies him as an expert.

Appellant contends Maxwell stated the legal cause of the accident in his testimony which was inadmissible. Maxwell made the following statements in his testimony:

> "Q. [By counsel for respondents] Do you have an opinion, based upon your experience and based upon all of your knowledge of this case, as to whether or not there was any violation of law by Bradley Shaw in this case?
>
> "MR. HARTMAN [counsel for appellant]: Object, Your Honor, on the grounds it calls for a legal conclusion.
>
> "THE COURT: Overruled. You may answer.
>
> "A. Yes.
>
> "Q. What is that opinion?
>
> "A. I believe that he just failed to yield the right of way because of, I believe, alcoholic beverages.
>
> "Q. Do you have an opinion, Officer Maxwell, as to whether or not Officer Minnie, at the time and place immediately preceding the collision, was driving in a lawful and careful manner and in control of his vehicle?
>
> "MR. HENNESSEY [counsel for appellant]: If the Court please, there has been no foundation for this testimony, it invades the province of the jury, it's immaterial and it's not a proper question.
>
> "THE COURT: The objection is overruled. You may answer.
>
> "Q. What is that opinion?
>
> "A. I believe that he was driving in a correct and legal manner, sir."

While Maxwell testified as to what he considered the cause of the accident, adequate opportunity was given to appellant to elicit any assumptions or facts underlining the expert opinion. Therefore, the weight of the testimony remains with the jury and the testimony was properly

-5-

admitted.

Appellant also contends that the expert testimony was unnecessary because the cause of the accident was not beyond the ordinary understanding of the jury. Appellant cites Ployhar v. Board of Trustees of Missoula (Mont. 1980), 609 P.2d 1226, 37 St.Rep. 744, for support.

We find the facts in the instant case dissimilar to Ployhar, supra. Ployhar involved the accidental death caused by heavy equipment being backed over the top of the decedent. The instant case involves an accident where the parties alleged different factors caused the accident. Appellant must have believed the cause of the accident was complicated because she brought in an expert witness to testify regarding the speed of the vehicles. As was properly stated in the dissent in Ployhar, supra:

> "This Court has long held that expert testimony should be admitted whenever the issue before the jury concerns a subject of such a nature that the average person cannot reach as intelligent a conclusion as one who has had experience with the subject. See, Demarais v. Johnson (1931), 90 Mont. 366, 370, 3 P.2d 283, 285." Ployhar at 612 P.2d at 1228, (Harrison J. dissenting).

We hold in the instant case that the trial court properly determined the subject matter required expert testimony so as to assist the jury and it properly admitted Maxwell's testimony.

We turn to the next issue regarding the jury instructions. Appellant contends the trial court erred by admitting the following jury instruction:

> "You are instructed that Montana Statutes provide that it is unlawful for any person who is under the influence of alcohol or a narcotic drug to drive or be in actual physical control of a motor

vehicle upon the highways of this state."
Appellant argues that insufficient evidence came into the trial to warrant the giving of this instruction. We disagree.

Court's instruction no. 13 which instructs that it is unlawful to drive a motor vehicle while under the influence of alcohol or narcotics, should be read along with court's instruction no. 18:

> "If you find from the evidence that a person in this accident conducted himself in violation of any statute, you are instructed that such conduct was negligence as a matter of law.
>
> "However, in this action, a violation of law is of no consequence unless it was a proximate cause of or contributed as a proximate cause to an injury found by you to have been suffered by the plaintiff."

No objection was made by the appellant to the giving of this instruction. The basic issue to be determined by the jury in this case was the degree of negligence, if any, on the part of the drivers of both vehicles. Under instruction no. 18, it becomes appropriate to instruct that if the driver of the car in which appellant was riding was under the influence of alcohol or narcotic drugs while driving, then it should be considered as negligence as a matter of law. Reading the two instructions together, it is clear that no. 18 clarifies no. 13 and it becomes a proper instruction on the law of the case.

In the instant case, evidence indicated Shaw consumed at least one beer prior to the accident. Several beer cans and bottles were found in the vehicle, also an officer found drug paraphernalia in Shaw's vehicle. Sufficient evidence indicates that Shaw could have been driving under the

influence. We hold the trial court properly instructed the jury on this matter.

Appellant contends the court erred by failing to provide a jury instruction regarding not imputing the negligence of Shaw to appellant. Absent a showing of joint enterprise the negligence of a driver of a vehicle cannot be imputed to a passenger.

We find no error occurred in the omission of giving appellant's instruction. No comparative negligence theory in this case implied that plaintiff acted negligently to cause her injuries. The court merely instructed the jury to decide if the acts of the respondents were the proximate cause of the accident. Because the jury did not consider appellant's negligence, if any, in the determination of respondents' negligence, then this instruction became unnecessary.

Appellant next argues the court erred in denying her motion in limine to exclude evidence of the drug paraphernalia found in Shaw's vehicle. She asserts its prejudicial effect outweighs the probative value of this evidence. We disagree.

In the instant case, the prejudicial effect of the evidence did not outweigh its probative value. While both Shaw and appellant testified that they did not smoke any marijuana on the day of the accident, they did admit smoking it previous to that day. Evidence also indicated Shaw had owned the vehicle for a short time prior to the accident. Because the paraphernalia was found in the vehicle, that would tend to show Shaw was actively consuming controlled substances within a few days of the accident. The evidence

of drug paraphernalia possibly impeaches appellant's and Shaw's testimony and supports the theory that Shaw's negligence caused the accident. We therefore hold the trial court properly denied the motion in limine.

Appellant finally contends the jury rendered a verdict contrary to the law and the facts. She contends the evidence clearly demonstrates respondent acted negligently. We disagree.

In reviewing the sufficiency of the evidence we "review the evidence in a light most favorable to the prevailing party. We will reverse only where there is a lack of substantial evidence to support the verdict."

"If there is conflicting evidence in the record, the credibility and weight given to such conflicting evidence is the province of the jury and not this court." Anderson v. Jacqueth (Mont. 1983), 668 P.2d 1063, 1064, 40 St.Rep. 1451, 1453, citing Gunnels v. Hoyt (Mont. 1981), 633 P.2d 1187, 38 St.Rep. 1492.

Evidence at trial indicates respondent's vehicle was traveling between sixty-five and ninety miles per hour. Evidence also indicated Shaw pulled out in front of an emergency vehicle with its siren blaring and its lights flashing. Shaw admitted consuming some alcohol, and several beer cans and bottles and drug paraphernalia were found in his vehicle. Clearly sufficient evidence existed to support the jury's verdict. We hold the jury had substantial evidence to justify the verdict.

The verdict is hereby affirmed.

John Conway Harrison
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

I would reverse and remand for a new trial holding that it was error to permit the investigating officer to give opinion testimony regarding the cause of this accident.

This Court has been liberal in allowing law enforcement officers to testify about the cause of an accident. The time has come to reevaluate our evidentiary position.

Some law enforcement officers have, through training, acquired some knowledge which may allow them to properly testify as expert witnesses on matters of accident reconstruction. However, the training of these officers should be confined to those areas where they do have some expertise. For instance, an officer may be able to estimate speed from skid marks. Likewise, an officer may be able to determine a point of impact from gouge marks and debris. On the other hand, there is no basis for an officer testifying that the cause of an accident was failure to yield the right-of-way because alcoholic beverages were consumed. This type of opinion testimony is totally lacking in foundation. The officer is in no better position to draw such a conclusion than are individual jurors. We would not allow the officer's opinion reflected in the issuance of a ticket for traffic violation, to be admitted into evidence. Likewise the officer's oral testimony about his opinion regarding law violations should not receive our judicial blessing.

The admission of the officer's testimony in this case exceeds even the precedent previously set by this Court. I believe the time has come to rein in the testimony of law enforcement officers and properly confine that testimony to those areas where the officer actually has some expertise apart from that held by our people generally. Therefore, I would reverse and remand for a new trial.

Justice

I concur with Justice Morrison.

Justice