No. 89-115

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

LINDA M. HART-ANDERSON,

Plaintiff and Respondent,

-vs-

GERALDINE C. HAUCK and STATE FARM
INSURANCE COMPANY,

Defendants and Appellant.

'89 OCT 23 AM 10 43

FILED

ED SMITH, CLERK
MONTANA SUPREME COURT

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell Fillner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

K. D. Peterson; Peterson, Schofield & Leckie, Billings,
Montana   (Hauck)

For Respondent:

Ronald R. Lodders; Crowley, Haughey, Hanson, Toole &
Dietrich, Billings, Montana
L. B. Cozzens, Billings, Montana

Submitted on Briefs:   July 13, 1989

Decided:   October 23, 1989

Filed:

_____
Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from an order by the Thirteenth Judicial District, Yellowstone County, granting a directed verdict in favor of plaintiff. Defendant appeals. We reverse.

The issues presented for our review are:

1. Did the District Court err in granting a directed verdict?

2. Did the District Court err in excluding certain hearsay evidence?

3. Did the District Court err in allowing a police officer to testify as to the cause of the accident?

4. Did the District Court err in excluding testimony regarding a traffic citation?

The present case involves a traffic accident and issues of negligence. The case was originally tried by jury in May of 1985. It was subsequently appealed to this Court. In Hart-Anderson v. Hauck (1988), 748 P.2d 937, 45 St.Rep. 18, we remanded the case for a new trial.

A second jury trial was held on December 10, 1988, and at the conclusion of the evidence the court granted plaintiff's motion for a directed verdict, concluding that as a matter of law defendant was negligent and plaintiff was not contributorily negligent. Defendant contends that a directed verdict was not appropriate in that the testimony at trial raised issues of fact as to whether plaintiff was contributorily negligent. Defendant contends that this evidence should have been submitted to a jury.

Regarding a directed verdict, this Court has previously stated that, "No case should be withdrawn from the jury if reasonable men may differ as to the conclusions drawn from the evidence." Mydlarz v. Palmer/Duncan Const. Co. (1984), 209 Mont. 325, 682 P.2d 695. Our review of the record

2

reveals issues of fact upon which reasonable men could differ and we conclude that a directed verdict was not appropriate in this case.

This automobile accident occurred in Billings, Montana on December 6, 1982. The streets that day were very icy. Plaintiff and defendant were both in vehicles traveling east on Broadway, approaching the intersection to Tenth Avenue, with plaintiff ahead of defendant. Broadway approaches Tenth Avenue with a downhill incline. As plaintiff approached Tenth Avenue, she noticed a large delivery truck crossing the intersection in front of her. She also noticed a small Volkswagen on Tenth Avenue behind the truck. As plaintiff approached the intersection she also noticed defendant approaching from her rear. Ultimately defendant's vehicle hit the rear end of plaintiff's vehicle, knocking plaintiff's vehicle across Tenth Avenue, where it collided with the Volkswagen. It came to rest alongside the Volkswagen, facing south. The damage to plaintiff's car was estimated at $685.

There was testimony presented at trial from five eyewitnesses to the accident. In addition to the testimony of both plaintiff and defendant, there was testimony submitted by deposition from Ms. Heald, the driver of the Volkswagen. The jury also heard testimony from Mr. Poindexter and Mr. Merriweather, both eyewitnesses to the accident. Mr. Merriweather witnessed the accident as he was sitting inside a business establishment at the corner of Broadway and Tenth Avenue. Mr. Poindexter also witnessed the accident from the second floor window of a nearby office building. Some of the testimony from these witnesses differs markedly as to how and where the accident occurred.

Plaintiff testified that as she traveled down Broadway her rear tire bumped the curb approximately 50 feet prior to reaching the intersection. She testified that she

3

straightened her vehicle and was beginning her turn when the impact occurred. The testimony of Mr. Poindexter, Mr. Merriweather and Ms. Heald was substantially in accord with this account. These witnesses testified that the impact occurred on Broadway as plaintiff began to turn onto Tenth Avenue. Mr. Poindexter also testified that he saw plaintiff's rear tire bump the curb approximately 40 to 50 feet from the corner.

Defendant however, testified that plaintiff's tire bumped the curb as plaintiff was making her right turn onto Tenth. In substance, defendant stated that she noticed plaintiff having difficulty ahead of her but that she was required to turn right because of the delivery truck on Tenth Avenue. Defendant testified that plaintiff's vehicle was stopped in front of her as she turned the corner, and that the impact occurred on Tenth Avenue. She alleges that she would have made the right turn without problem had plaintiff not had difficulty negotiating her turn and if plaintiff had not stopped in front of her.

Defendant relies on this Court's holding in Reed v. Little (1984), 209 Mont. 199, 680 P.2d 937, for the proposition that the defense of contributory negligence is available to her, and should properly have been submitted to the jury. We conclude that Reed is controlling in the present case. In Reed, we discussed negligence per se and its interaction with Montana's newly enacted statute on contributory negligence, § 27-1-702, MCA. In Reed, we stated:

> We hold that the defense of contributory negligence on plaintiff's part is available to a defendant who has violated a traffic statute. It is for the fact finder to determine the comparative degree of negligence on the part of plaintiff and defendant.

4

<u>Reed</u>, 680 P.2d at 940.

In <u>Reed</u>, defendant rear-ended the vehicle ahead of him. Although the evidence in <u>Reed</u> on behalf of defendant established that plaintiff made an abrupt stop in front of defendant, plaintiff denied the stop. This conflicting testimony was properly submitted to the jury. In <u>Reed</u>, the jury found the lead driver was contributorily negligent even though defendant hit her from behind. In the present case, defendant testified that plaintiff was having difficulty controlling her car and making the right turn. She testified that plaintiff came to a stop in front of her. Although three witnesses corroborated plaintiff's version, nonetheless, defendant testified in a contrary manner. It is not appropriate for the court to weigh conflicting evidence; rather, that is the function of the trier of fact, in this case, the jury. As in <u>Reed</u>, it was possible for the jurors to find that plaintiff came to an abrupt stop in front of defendant and was contributorily negligent. We conclude that reasonable men might differ in drawing conclusions from the evidence. Thus a directed verdict in favor of plaintiff was not appropriate. We remand this case to the District Court. Additionally, we address the following evidentiary issues for guidance at a subsequent trial.

                                II

Did the District Court err in excluding certain hearsay evidence?

At trial, counsel for defendant made an offer of proof regarding the admissibility of certain testimony by Mr. Poindexter. The offer of proof was denied. In the offer of proof, defendant asserted that if allowed, Mr. Poindexter would testify that shortly after the accident, he placed a phone call to the attendant at a nearby service station, stating that he had witnessed the accident, and that it was

5

the sole fault of the truck pulling out. Defendant contends that although this testimony is hearsay, it is admissible pursuant to either Rule 803(1) or 803(2), M.R.Evid., as either a present sense impression or an excited utterance.

The statement at issue was clearly hearsay. Defendant presented no facts in the offer of proof which would place this statement within either the present sense impression or excited utterance exception to the hearsay rule. We conclude that this offer of proof was properly denied. We affirm the District Court on this ruling.

### III

Did the District Court err in allowing a police officer to testify as to the cause of the accident?

Officer Oberg, a Billings city police officer, investigated the accident shortly after it occurred. He was not an eyewitness to the accident. At trial he testified that he had investigated several hundred automobile accidents in his 14 years as a police officer. He testified that his investigation of this accident included interviews with the parties involved, and observations of the scene of the accident, the vehicles, and the road conditions. Officer Oberg was then asked to state his opinion as to the cause of the accident. He stated that in his opinion defendant was driving too fast for the road conditions. Defendant objected to this testimony at trial, urging lack of foundation. Defendant also contends the accident was not sufficiently complex to necessitate expert opinion regarding causation.

We do not agree that an officer with years of experience in investigating accidents cannot assist the jury in its determinations. In Foreman v. Minnie (1984), 211 Mont. 441, 689 P.2d 1210, this Court allowed a deputy sheriff to testify as to the cause of an automobile accident. In Foreman we also noted that there was adequate opportunity to

6

cross-examine the officer regarding any facts underlying the expert opinion. For other cases allowing an investigating officer to testify regarding the cause of an automobile accident or vehicular speed, see Goodnough v. State (1982), 199 Mont. 9, 647 P.2d 364; Rude v. Neal (1974), 165 Mont. 520, 530 P.2d 428.

We conclude that Officer Oberg's testimony could assist the trier of fact on the issue of causation. He had extensive experience in these types of investigations and an adequate foundation was presented for his testimony. Defense counsel cross-examined the officer as to the basis of his opinion. The jury is free to decide the weight to be given this testimony. Goodnough, 647 P.2d at 369.

We affirm the District Court's ruling on this issue.

IV

Did the District Court err in excluding testimony regarding a traffic citation?

Defendant made an offer of proof during trial, requesting that she be allowed to testify to an alleged statement made to her by Officer Oberg. The offer of proof stated that if allowed defendant would testify that while issuing her a traffic citation, Officer Oberg told her, "I'm going to issue this to you, but you don't deserve it, but I have to do it because of my superiors. If I don't do it, they will make me go out and issue it, and then just cause some additional problems." Her offer of proof further stated that Officer Oberg told her if she would plead not guilty, he would request that the ticket be dismissed. Defendant contended that although this alleged statement was hearsay, it was admissible to impeach Officer Oberg's testimony regarding the cause of the accident. The trial court denied this offer of proof.

The offered testimony refers to the issuance of a criminal citation and is inadmissible because it is irrelevant and

7

prejudicial. Further, such testimony has no bearing on the cause of the accident. Smith v. Rorvik (Mont. 1988), 751 P.2d 1053, 1056, 45 St.Rep. 451, 455. Additionally, the testimony was hearsay and did not directly impeach Officer Oberg's former testimony. We conclude that the District Court did not err in denying this offer of proof. We affirm the District Court's ruling on this issue.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____ ,

_____

Justices

Justice R. C. McDonough dissenting:

I would affirm the directed verdict in favor of the plaintiff. The defendant was clearly negligent as a matter of law. The defendant failed to slow and control her vehicle when difficulties of traffic on the highway were foreseeable to her and was the sole proximate cause of the accident.

On this record for a fact finder to find that plaintiff's action in ultimately controlling her car was contributory negligence and a proximate cause of the accident is imaginative. There isn't any substantial evidence favorable to the defendant which would permit such a finding.

There is not present here, nor under the icy conditions could there have been, a sudden stop or any action by plaintiff which would rise to the point of creating an unforeseeable emergency situation under these circumstances.

_____
Justice

9

Justice John C. Sheehy, dissenting:


When this case was before us previously, it was a entitled Linda M. Hart-Anderson, plaintiff, v. Geraldine C. Hauck and State Farm Insurance Company, defendants (1988), 748 P.2d 937. Hart-Anderson had sued Hauck and her insurer, State Farm Insurance Company, because of the collision which occurred in Billings, Montana, December 6, 1982. It was the position of Hart-Anderson that Hauck was solely responsible for the collision, that Hauck's insurer should have recognized her sole responsibility and paid the damages sustained by Hart-Anderson's automobile, and that the failure of the insurer to quickly pay such claim was evidence of its bad faith in the handling of insurance claims.

On the first trial, the jury determined that Mrs. Hauck was negligent and her negligence was the proximate cause of the property damages suffered by Hart-Anderson; that Hart-Anderson was not negligent, and that as to comparative negligence Mrs. Hauck was 100 percent responsible and Linda Hart-Anderson was zero percent responsible. It found damages to Hart-Anderson's car in the sum of $687.00; it found that Hart-Anderson had suffered emotional distress for which she was entitled to $25,000.00; and it found the insurer guilty of a breach of the Unfair Claims Settlement Act of Montana and levied exemplary damages against the insurer in the sum of $687,000.00.

On the first appeal to this Court, no issue was made by defendant Hauck or her insurer as to findings of the jury that Hauck was 100 percent responsible for the collision.

The judgment in the first case was reversed on appeal on issues relating to the claim against the insurer and no issue was decided on appeal which would dispute the finding of 100

percent negligence on the part of Mrs. Hauck. Nonetheless the majority of this Court, in an opinion ill-considered as we pointed out in dissent, reversed the cause for a retrial of all issues, and directed that the cause be bifurcated as to any liability of the insurer.

From the record of this case then, we have the finding of the first jury that Mrs. Hauck was 100 percent negligent because of the collision; we have the testimony of a respected retired claims adjuster that Hauck was 100 percent in fault in the accident and that the plaintiff was not negligent at all; we have the testimony of Earl Hanson, an attorney practicing law in Billings, that under the facts of this case Hauck was 100 percent negligent; and now, as to the retrial, which is now on appeal, the opinion of the District Court that the case should not go to the jury because the negligence of Hauck was so clearly established.

None of these circumstances deter the majority from ordering a new trial on the issue of negligence!

The District Court in this case granted the motion for directed verdict as to Hauck's negligence because whether one accepted her version of the incident or that of the other witnesses, she was nonetheless solely responsible for the accident. The majority here has manufactured an issue of fact in stating "Defendant testified that plaintiff's vehicle was stopped in front of her as she turned the corner, and that the impact occurred on Tenth Avenue." That statement ignores that this case does not concern a sudden stop nor even a following-too-closely situation. Here the defendant Hauck had one-half to one-quarter of a block to see the danger and avoid the collision. Hauck had the primary responsibility to avoid the collision in that situation.

- 11 -

In Grabs v. Missoula Cartage Company, Inc. (1976), 169 Mont. 216, 219, 221, 545 P.2d 1079, 1081, 1082, this Court stated:

> The classic test employed to determine whether a question is one of fact or law, involves the application of a rule of reason. Where reasonable men could draw different conclusions from the presented evidence, the question is one of fact. But if only one conclusion could reasonably be drawn, the question is one of law, properly resolvable through the procedural device of directed verdict.
>
> . . .
>
> But the primary responsibility must be on those drivers who have the opportunity to detect the potentially hazardous situation ahead. (Citing authority.)

In Custer Broadcasting Corp. v. Brewer (1974), 163 Mont. 519, 521-522, 518 P.2d 257, 259, the Court said:

> However, in cases where a driver of a vehicle is following another vehicle too closely, we follow the doctrine that the primary duty of avoiding a collision rests upon the following driver.

This case is controlled by the provisions of § 61-8-329, MCA, which provides:

> Following too closely. (1) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

In this case, Geraldine Hauck, following on an icy street, as the testimony shows, almost three-quarters of a block behind the Hart-Anderson vehicle, failed to keep her vehicle under control so as to avoid colliding with the Hart-Anderson vehicle. There can be no other conclusion but that she is 100 percent responsible.

District judges of this state are in an intolerable position because of the continuing pattern of this Court to set its face against all recoveries by plaintiffs whether by judge or by jury. Here, under the cases cited above in this dissent, the District Court would have been subject to reversal if it had not granted a directed verdict. Yet here the District Court has been reversed for following the law and granting a directed verdict. In this state we don't need tort reform; what is wanting is court reform.

I would affirm. Two trials are enough already.

_____
                 Justice

I concur in the foregoing dissent of Justice John C. Sheehy.

_____
                 Justice